UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DELMONICO,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW RODRIQUEZ,<br><br>Respondent. | Case No. 21-cv-02009-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2018 misdemeanor conviction from Palo Alto Superior Court.[1] Dkt. No. 1. Petitioner has paid the filing fee. Dkt. No. 2.

**BACKGROUND**

On August 24, 2018, Petitioner was convicted in Palo Alto Superior Court of a misdemeanor of disorderly conduct (Cal. Penal Code § 647(a)). Dkt. No. 1 at 1. Petitioner was sentenced to twelve days in county jail. Dkt. No. 1 at 1. Petitioner states that he is not yet confined pending his appeal and that he is on formal probation. Dkt. No. 1 at 1.

//

//

---

[1] The Clerk of the Court is directed to substitute Matthew Rodriquez, the California Attorney General, in place of the previously named respondent because Attorney General Rodriquez is Petitioner's current custodian. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (where petitioner is on probation or parole, he may name as respondent his probation or parole officer, or the official in charge of the parole or probation agency, or the state correctional agency, or the state attorney general).

Petitioner appealed his conviction to the appellate division of the superior court, and the appeal was denied on December 7, 2020. Dkt. No. 1 at 2. The state appellate court denied the petition for transfer on February 11, 2021. Dkt. No. 1 at 2-3. Petitioner filed the instant petition on or about March 20, 2021. Dkt. No. 1 at 36.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Claims

In the body of his petition, Petitioner states that he has two claims for federal habeas relief. The first claim alleges ineffective assistance of trial counsel and refers the Court to an attachment for the supporting facts. The attachment is a 20-page commentary on the respondent's appellate brief, which Petitioner provided to his state appellate attorney. The commentary, in narrative format, alleges various instances of ineffective assistance by trial counsel and various weaknesses in the prosecution's case. The second claim alleges that Petitioner was not provided with a *Miranda* warning prior to his interrogation.

Liberally construed, Petitioner's second claim states a cognizable claim for federal habeas relief. However, this petition will be dismissed with leave to amend because Petitioner's first claim fails to clearly identify what trial counsel did or did not do that constituted ineffective assistance of counsel. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). In filing an amended petition, Petitioner should list each specific instance of ineffective assistance of counsel that he believes warrant federal habeas relief. Petitioner should number these claims, and

not merely provide a summary in narrative format. Each claim should be supported by a statement of specific facts.

Claims cannot be incorporated by reference. Petitioner's appellate opening brief was not filed with his petition. If the appellate opening brief set forth claims of ineffective assistance of counsel which Petitioner seeks to raise here, Petitioner must list these claims in his amended petition, and provide supporting facts for each claim. In the alternative, Petitioner may attach a copy of his appellate opening brief to his amended petition, as long as he clearly identifies which claims in the appellate opening brief he wishes to raise in his federal habeas petition.

The Court notes that Petitioner states that he did not present some of these claims in his appellate opening brief. Petitioner is cautioned that prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A district court may not grant the writ unless state court remedies are exhausted, or there is "an absence of available state corrective process," or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)-(B).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Clerk is directed to substitute California Attorney General Matthew Rodriquez as Respondent.

2. The petition is dismissed with leave to amend. Within twenty-eight (28) days of the date of this order, Petitioner shall file an amended petition. The amended petition must include the caption and civil case number used in this order (21-cv-02009 HSG) and the words "AMENDED PETITION" on the first page. Because an amended petition completely replaces the previous petitions, Petitioner must include in his amended petition all the claims he wishes to present. Petitioner may not incorporate material from the prior petition by reference. Failure to file an amended petition in accordance with this order will result in dismissal of this action for

failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: 3/31/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge