UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DELMONICO,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW RODRIQUEZ,<br><br>Respondent. | Case No. 21-cv-02009-HSG<br><br>**ORDER TO SHOW CAUSE** |

Petitioner has filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a 2018 misdemeanor conviction from Palo Alto Superior Court. His amended petition (Dkt. No. 6) is now before the Court for screening.

## BACKGROUND

On August 24, 2018, Petitioner was convicted in Palo Alto Superior Court of a misdemeanor of disorderly conduct (Cal. Penal Code § 647(a)). Dkt. No. 6 at 1. Petitioner was sentenced to twelve days in county jail without eligibility for LCA home detention; three years of probation with sex offender terms, and mandatory registration on the sex offender registry pursuant to Cal. Penal Code § 290. Dkt. No. 6 at 1.

On September 6, 2019, Petitioner appealed his conviction to the appellate division of the superior court, and the appeal was denied on December 7, 2020. Dkt. No. 6 at 1-2. The state appellate court summarily denied the petition for transfer on February 11, 2021. Dkt. No. 6 at 2.

Petitioner commenced the instant action or about March 20, 2021. Dkt. No. 1 at 36.

## DISCUSSION

**A.   Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

1  custody pursuant to the judgment of a State court only on the ground that he is in custody in
2  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A
3  district court considering an application for a writ of habeas corpus shall "award the writ or issue
4  an order directing the respondent to show cause why the writ should not be granted, unless it
5  appears from the application that the applicant or person detained is not entitled thereto." 28
6  U.S.C. § 2243.

**B.  Claims**

The amended petition alleges that Petitioner is entitled to federal habeas relief because he was denied his Sixth Amendment right to effective assistance of counsel, and because he was denied his Fifth Amendment right against self-incrimination "when in custody without being Mirandized." *See generally* ECF No. 6.  Petitioner identifies the following alleged instances of ineffective assistance of counsel: counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand; counsel failed to effectively examine Pittet; counsel failed to impeach Avila as directed by Petitioner; counsel incorrectly claimed that the Golfsmith was next to the Whole Foods, thereby undermining his credibility with the jury; counsel argued that the primary *Miranda* argument was the duration of Petitioner's detention; counsel failed to present to the jury the timelines prepared by Petitioner; counsel failed to question prosecution witnesses in a manner that reflected Petitioner's detailed accounting of his whereabouts on that day and Petitioner's understanding as to why Availa had been alerted to Petitioner's behavior that day; counsel failed to ensure Deputy Chow's testimony at trial; and counsel advised Petitioner not to testify at trial. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address:  SFAWTParalegals@doj.ca.gov.  The operative petition and the exhibits thereto are

available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 6/10/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge