UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOHN DELMONICO,

Petitioner,

v.

MATTHEW RODRIQUEZ,

Respondent.

Case No.  21-cv-02009-HSG

**ORDER GRANTING MOTION TO DISMISS; REQUIRING PETITIONER TO MAKE ELECTION**

Re: Dkt. No. 12

Petitioner has filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2018 misdemeanor conviction from Palo Alto Superior Court.  Now pending before the Court is Respondent's motion to dismiss the petition for failure to exhaust state remedies.  Dkt. No. 12.  Petitioner has filed an opposition, Dkt. No. 13, and Respondent has filed a reply, Dkt. No. 14.  For the reasons set forth below, Respondent's motion is GRANTED and Petitioner is required to make an election.

**DISCUSSION**

**A.     Procedural History**

In May 2018, a Santa Clara County jury convicted Petitioner of public lewd conduct, a misdemeanor (Cal. Penal Code § 647(a)).  Dkt. No. 12, Exh. A at 112-113.  Petitioner was sentenced to three years of formal probation, including registration as a sex offender and 12 days in county jail.  *Id.* at 153-154.

On September 16, 2019, Petitioner appealed his conviction to the Santa Clara County Superior Court Appellate Division, arguing that the trial court erred in admitting his statements to law enforcement and that trial counsel provided ineffective assistance by calling Pittet as a defense witness because Pittet ultimately gave what might be considered harmful testimony.  Dkt. No. 12,

1   Ex. B.  The superior court appellate division rejected these arguments and affirmed the conviction

2   in a reasoned opinion filed December 7, 2020.  Dkt. No. 12, Exh. B.  On December 21, 2020,

3   Petitioner filed a motion in the Santa Clara County Appellate Division to certify the case to the

4   California Court of Appeal, Sixth Appellate District, pursuant to California Rules of Court, rule

5   8.1005.  Dkt. No. 12, Exh. C at 5.  The appellate division denied the motion for certification on

6   January 4, 2021.  *Id.*  On January 19, 2021, Petitioner filed a petition to transfer the case from the

7   appellate division to the California Court of Appeal, raising the same arguments raised on appeal

8   to the superior court appellate division, *see id.*, which was summarily denied by the court of

9   appeal on February 11, 2021, Dkt. No. 12, Exh. D.

10  **B.      Federal Habeas Petition**

11          On or about March 23, 2021, Petitioner commenced this action.  Dkt. No. 1.  On March 31,

12  2021, the Court screened the petition and noted that the petition stated two claims:

13          The first claim alleges ineffective assistance of trial counsel and refers the Court to an
        attachment for the supporting facts.  The attachment is a 20-page commentary on the
14      respondent's appellate brief, which Petitioner provided to his state appellate attorney.  The
        commentary, in narrative format, alleges various instances of ineffective assistance by trial
        counsel and various weaknesses in the prosecution's case.  The second claim alleges that
15      Petitioner was not provided with a *Miranda* warning prior to his interrogation.

16  Dkt. No. 3 at 2.  The Court dismissed the first claim with leave to amend because the 20-page

17  commentary's narrative format made it difficult to identify the specific instances of ineffective

18  assistance of counsel.  Dkt. No. 3 at 2-3.  The Court also noted that there was a potential

19  exhaustion issue because some of the ineffective assistance of counsel claims that appeared to be

20  raised in the attachment had not been presented in the appellate opening brief:

21          The Court notes that Petitioner states that he did not present some of these claims in his
        appellate opening brief.  Petitioner is cautioned that prisoners in state custody who wish to
22      challenge collaterally in federal habeas proceedings either the fact or length of their
        confinement are first required to exhaust state judicial remedies, either on direct appeal or
23      through collateral proceedings, by presenting the highest state court available with a fair
        opportunity to rule on the merits of each and every claim they seek to raise in federal court.
24      *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  A district court
        may not grant the writ unless state court remedies are exhausted, or there is "an absence of
25      available state corrective process," or such process has been "rendered ineffective."  *See* 28
        U.S.C. § 2254(b)(1)(A)-(B).
26

27  Dkt. No. 3 at 3.

28          On May 24, 2021, Petitioner filed an amended petition for writ of habeas corpus.  Dkt. 6.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    On June 10, 2021, the Court found that the amended petition alleged a cognizable *Miranda* claim

2    and the following ineffective assistance of counsel claims: (1) counsel called Nicolas Pittet as a

3    defense witness without vetting Pittet beforehand; (2) counsel failed to effectively examine Pittet;

4    (3) counsel failed to impeach Avila as directed by Petitioner; (4) counsel incorrectly claimed that

5    the Golfsmith was next to the Whole Foods, thereby undermining his credibility with the jury;

6    (5) counsel argued that the primary *Miranda* argument was the duration of Petitioner's detention;

7    (6) counsel failed to present to the jury the timelines prepared by Petitioner; (7) counsel failed to

8    question prosecution witnesses in a manner that reflected Petitioner's detailed accounting of his

9    whereabouts on that day and Petitioner's understanding as to why Availa had been alerted to

10   Petitioner's behavior that day; (8) counsel failed to ensure Deputy Chow's testimony at trial; and

11   (9) counsel advised Petitioner not to testify at trial.  Dkt. No. 10 at 2.  The Court ordered

12   Respondent to either (1) file an answer showing cause why a writ of habeas corpus should not be

13   granted based on the claims found cognizable; or (2) file a motion to dismiss on procedural

14   grounds, as allowed by the Rules Governing Section 2254 Cases.  Dkt. No. 10 at 3.

15   **C.      Legal Standard**

16          Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings

17   either the fact or length of their confinement are required first to exhaust state judicial remedies,

18   either on direct appeal or through collateral proceedings, by presenting the highest state court

19   available with a fair opportunity to rule on the merits of each and every claim they seek to raise in

20   federal court.  *See* 28 U.S.C. § 2254(b), (c).  The state's highest court must "be alerted to the fact

21   that the prisoners are asserting claims under the United States Constitution," *Duncan v. Henry*,

22   513 U.S. 364, 368 (1995), and must be given an opportunity to rule on the claims even if review is

23   discretionary, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one

24   complete round of the State's established appellate review process.").  In a misdemeanor case,

25   direct review is concluded when the California Court of Appeal denies a request to transfer an

26   appeal from the superior court appellate division.  *See McMonagle v. Meyer*, 802 F.3d 1093, 1099

27   (9th Cir. 2015) (en banc)).  A petitioner seeking federal habeas review of a misdemeanor

28   conviction is not required to present his claims to the California Supreme Court in order to exhaust

1     them.

2          The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity"

3     designed to give a State "an initial opportunity to pass upon and correct alleged violations of its

4     prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks

5     and citations omitted).  If available state remedies have not been exhausted as to all claims, the

6     district court must dismiss the petition.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Guizar v.*

7     *Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  The court generally may not grant relief on an

8     unexhausted claim.  *See* 28 U.S.C. § 2254(b)(1).

9     **D.     Analysis**

10          Respondent argues that the petition should be dismissed because only ineffective

11    assistance of counsel ("IAC") subclaim No. 1 is exhausted.  Respondent argues that an IAC claim

12    based on particular grounds is not exhausted where different grounds for ineffective assistance

13    were raised in state court, citing to *Poyson v. Ryan*, 879 F.3d 875, 895-96 (9th Cir. 2018).

14          Petitioner argues that dismissal is not appropriate for the following reasons.  First, he

15    argues that exhaustion is a "weak" "procedural technicality" that is "subject to judicial discretion."

16    Dkt. No. 13 at 3.  Second, he argues that this motion to dismiss is premature because the operative

17    petition has three outstanding claims that require a ruling.  Petitioner argues that even if he has

18    failed to exhaust IAC subclaims 2 through 9, his exhausted arguments should not be dismissed.[1]

19    Third, Petitioner argues that IAC subclaims 2 through 9 are "not substantially unrelated" to

20    subclaim 1 and therefore appropriate to include in this habeas action.  Finally, Petitioner argues

21    that Respondent has ignored his legitimate third claim, which is a claim that the state court's

22    opinion was based on an unreasonable determination of the facts in light of the evidence

23    presented.

24          The Court agrees that IAC subclaims Nos. 2 through 8 are unexhausted.  In order to

25    properly exhaust, the specific factual basis of the federal claim also must be presented to the

26    highest state court.  *See Kelly v. Small*, 315 F.3d 1063, 1067-69 (9th Cir. 2003) (finding

27

28    _____

      [1] Petitioner alleges that he has stated three cognizable claims: (1) counsel called Nicolas Pittet as a
      defense witness without vetting Pittet beforehand; (2) Petitioner was denied his *Miranda* rights

                                                    4

United States District Court
Northern District of California

1    unexhausted certain ineffective assistance of counsel claims because they were not raised in

2    California Supreme Court petition nor discussed by court of appeal); *see also Wood v. Ryan*, 693

3    F.3d 1104, 1117 (9th Cir. 2012) (general allegation of IAC is not sufficient to alert a state court to

4    separate specific instances of IAC).  The factual bases for IAC subclaims Nos. 2 through 8 were

5    not presented to the state courts.  The petition for transfer's IAC claim challenged trial counsel for

6    calling Pettit as a defense witness because Pettit's testimony was damaging to Petitioner.  The

7    remaining IAC subclaims Nos. 2 through 8 (subclaim no. 2: counsel failed to effectively examine

8    Pittet; subclaim no. 3: counsel failed to impeach Avila as directed by Petitioner; subclaim no. 4:

9    counsel incorrectly claimed that the Golfsmith was next to the Whole Foods, thereby undermining

10   his credibility with the jury; subclaim no. 5: counsel argued that the primary *Miranda* argument

11   was the duration of Petitioner's detention; subclaim no. 6: counsel failed to present to the jury the

12   timelines prepared by Petitioner; subclaim no. 7: counsel failed to question prosecution witnesses

13   in a manner that reflected Petitioner's detailed accounting of his whereabouts on that day and

14   Petitioner's understanding as to why Availa had been alerted to Petitioner's behavior that day;

15   subclaim no. 8: counsel failed to ensure Deputy Chow's testimony at trial; and subclaim no. 9:

16   counsel advised Petitioner not to testify at trial) arise out of separate factual bases.  Petitioner's

17   argument that subclaims Nos. 2 through 8 are "not substantially unrelated" fails to cure the failure

18   to exhaust.  A relationship between the claims exhausted in state court and the federal court is

19   insufficient to exhaust.  *Cf. Duncan*, 513 U.S. at 366 ("mere similarity of claims is insufficient to

20   exhaust") (claim in state court that evidentiary ruling violated state law did not exhaust federal

21   habeas claim that ruling also violated federal due process).  In order to exhaust a claim brought in

22   a federal habeas petition, the habeas claim exhausted in state court must be "virtually identical" to

23   the habeas claim raised in federal court.  *Dickens v. Ryan*, 740 F.3d 1302, 1317-19 (9th Cir. 2014)

24   (en banc) (new allegations and evidence presented to federal court on IAC claim fundamentally

25   altered previously exhausted IAC claim; federal court IAC claim therefore unexhausted).

26   Accordingly, IAC subclaims Nos. 2 through 8 are not exhausted.

27        While Petitioner is correct that it is within the Court's discretion to consider unexhausted

28   claims, a district court may consider unexhausted claims only if the court denies relief on the

1    unexhausted claim.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may

2    be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies

3    available in the courts of the State"); *Runningeagle v. Ryan*, 686 F.3d 758, 777 n.10 (9th Cir.

4    2012) (same).   A court may not grant relief on an unexhausted claim.  *See* 28 U.S.C. § 2254(b)(1).

5         Petitioner is incorrect that the motion to dismiss for failure to exhaust is premature.

6    Respondent has properly brought a motion to dismiss for failure to exhaust prior to the Court

7    considering the arguments on the merits because a federal court cannot adjudicate the merits of a

8    habeas petition that contains both exhausted and unexhausted claims.  *See Rose*, 455 U.S. at 522.

9    Moreover, a motion to dismiss for failure to exhaust does not preclude a ruling on the claims

10   found cognizable, as explained in below.

11        Finally, the Court has only recognized two exhausted cognizable federal habeas claims: the

12   denial of the Fifth Amendment right against self-incrimination and ineffective assistance of

13   counsel when counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand.

14   The argument that the state court's opinion was based on an unreasonable determination of the

15   facts in light of the evidence presented is not a separate legal claim.  Rather, it is the legal standard

16   by which the cognizable claims are evaluated.  The Court may only grant federal habeas relief if

17   the state court's denial of the above-referenced *Miranda* claim and IAC claim was based on an

18   unreasonable determination of the facts in light of the evidence, or was contrary to clearly

19   established federal law.  28 U.S.C. § 2254(d).

20   **E.    Requiring Petitioner to Make an Election**

21        Petitioner's federal petition for a writ of habeas corpus contains both exhausted and

22   unexhausted claims and therefore is a "mixed" petition.  *See Rhines v. Weber*, 544 U.S. 269, 277

23   (2005).  The Court cannot adjudicate the merits of a habeas petition containing any claim as to

24   which state remedies have not been exhausted, such as a mixed petition.  *See Rose*, 455 U.S. at

25   522; *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure

26   to exhaust).

27        Due to a critical one-year statute of limitations on the filing of federal habeas petitions

28   under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C.

*United States District Court*
*Northern District of California*

6

§ 2244(d), the Court is reluctant to dismiss the mixed petition (and quite possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to choose how to proceed.  Accordingly, instead of an outright dismissal of the action, this Court will allow Petitioner to choose whether he wants to: (1) dismiss the unexhausted IAC subclaims Nos. 2 through 8, and go forward in this action with only the exhausted IAC subclaim No. 1 and the *Miranda* claim; or (2) dismiss this action and return to state court to exhaust IAC subclaims Nos. 2 through 8 before filing a new federal petition presenting all of his claims; or (3) file a motion for a stay of these proceedings while he exhausts IAC subclaims Nos. 2 through 8 in the state courts.  Petitioner is cautioned that each of the options has risks which he should take into account in deciding which option to choose.  If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition.  *See* 28 U.S.C. § 2244(b).  If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred.  *See* 28 U.S.C. § 2244(d).  If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the state courts, to obtain a decision from the state courts on his unexhausted claims, and to return to this Court.  And under option (3), this action stalls:  this Court will do nothing further to resolve the case while Petitioner is diligently seeking relief in state court.  In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[2]  The Supreme Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of

---

[2] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but the procedure often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition.  Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71).  A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

1    AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner

2    to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of

3    streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his

4    claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and

5    abeyance "is only appropriate when the district court determines there was good cause for the

6    petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there

7    are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be

8    limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be thirty (30) days to

9    get to state court, as long as necessary in state court, and thirty (30) days to get back to federal

10   court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly*, 315 F.3d at

11   1071. If Petitioner files a motion for a stay, he must show that he satisfies the *Rhines* criteria or

12   must comply with the *King*/*Kelly* requirements.

**CONCLUSION**

13
14       For the foregoing reasons, the Court orders as follows.

15       1.      Respondent's motion to dismiss is GRANTED. Dkt. No. 12.

16       2.      Within **twenty-eight (28) days** from the date of this order, Petitioner must file a

17   notice in which he states whether he chooses to (1) dismiss the unexhausted IAC subclaim Nos. 2

18   through 8, and go forward in this action with only the exhausted IAC subclaim No. 1 and the

19   *Miranda* claim, or (2) dismiss this action and return to state court to exhaust IAC subclaims Nos. 2

20   through 8 before filing a new federal petition presenting all of his claims, or (3) file a motion for a

21   stay of these proceedings while he exhausts IAC subclaims Nos. 2 through 8 in the state courts. If

22   he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he

23   files a one-page document entitled "Notice of Choice By Petitioner" and states simply: "Petitioner

24   chooses to proceed under option ___ provided in the Order Granting Motion to Dismiss;

25   Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank

26   space to indicate which of the first two options he chooses. If he chooses Option (3), within thirty

27   (30) days from the date of this order, Petitioner must file a motion for a stay in which he explains

28   why he failed to exhaust his unexhausted claims in state court before presenting them to this

United States District Court
Northern District of California

Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims.  If Petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted IAC subclaims Nos. 2 through 8 and issue a separate order requiring respondent to show cause why relief should not be granted on the remaining IAC subclaim No. 1 and the *Miranda* claim.

This order terminates Dkt. No. 12.

**IT IS SO ORDERED.**

Dated:  10/13/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge