UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DELMONICO,<br>            Petitioner,<br>    v.<br>MATTHEW RODRIQUEZ,<br>            Respondent. | Case No. 21-cv-02009-HSG<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR STAY; REQUIRING ELECTION BY PETITIONER**<br><br>Re: Dkt. No. 16 |

Petitioner has filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2018 misdemeanor conviction from Palo Alto Superior Court. Now pending before the Court is Petitioner's request to stay these proceedings while he returns to state court to exhaust ineffective assistance of counsel ("IAC") subclaims Nos. 2 through 8. Dkt. No. 16. Respondent has not filed an opposition, and the deadline to do so has since passed. For the reasons set forth below, the Court DENIES Petitioner's request for a *Rhines* stay without prejudice to seeking a *King/Kelly* stay and direct Petitioner to make an election.

**DISCUSSION**

**I.     Background**

On June 10, 2021, the Court found that the amended petition alleged a cognizable *Miranda* claim and the following ineffective assistance of counsel claims: (1) counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand; (2) counsel failed to effectively examine Pittet; (3) counsel failed to impeach Avila as directed by Petitioner; (4) counsel incorrectly claimed that the Golfsmith was next to the Whole Foods, thereby undermining his credibility with the jury; (5) counsel incorrectly argued that the primary *Miranda* argument was the duration of Petitioner's detention; (6) counsel failed to present to the jury the timelines prepared by Petitioner;

1  (7) counsel failed to question prosecution witnesses in a manner that reflected Petitioner's detailed
2  accounting of his whereabouts on that day and that reflected Petitioner's understanding as to why
3  Availa had been alerted to Petitioner's behavior that day; (8) counsel failed to ensure Deputy
4  Chow's testimony at trial; and (9) counsel advised Petitioner not to testify at trial. Dkt. No. 10 at
5  2.

On October 13, 2021, the Court granted Respondent's motion to dismiss the petition for failure to exhaust state remedies and required Petitioner to elect whether he wished to (1) dismiss the unexhausted IAC subclaims Nos. 2 through 8, and go forward in this action with only the exhausted IAC subclaim No. 1 and the *Miranda* claim; or (2) dismiss this action and return to state court to exhaust IAC subclaims Nos. 2 through 8 before filing a new federal petition presenting all of his claims; or (3) file a motion for a stay of these proceedings while he exhausts IAC subclaims Nos. 2 through 8 in the state courts.

**II.     Motion to Stay**

Petitioner has filed a request to stay these proceedings while he returns to state court to exhaust IAC subclaims Nos. 2 through 8. Petitioner states that he did not insist on including IAC subclaims Nos. 2 through 8 because appellate counsel advised Petitioner that IAC subclaim No. 1 was more than sufficient to secure state habeas relief and that it was neither necessary nor beneficial to include IAC subclaims Nos. 2 through 8. Petitioner states that he now regrets this decision and wants an opportunity to present all his IAC claims, and that he believes that these claims all have merit. The Court presumes that Petitioner is seeking a stay pursuant to *Rhines* because he does not seek to amend the petition to delete the unexhausted claims.

**A.     Standard**

In *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), the United States Supreme Court held that a district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. *Rhines*, 544 U.S. at 277-78. *Rhines* requires a petitioner to show (1) "good cause" for his failure to exhaust his claims in state court; (2) that his unexhausted claims are not "plainly meritless;" and (3) that he has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Good cause turns on whether the petitioner can set forth a reasonable excuse

supported by sufficient evidence to justify the failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). A claim of ineffective assistance by postconviction counsel supported by evidence may constitute good cause under *Rhines*. *See id.* at 982-84 (reversing denial of stay when petitioner supported his good cause argument of state postconviction ineffective assistance of counsel with evidence that counsel failed to discover, investigate and present to the state courts readily available evidence of petitioner's abusive upbringing and compromised mental condition); *but see Wooten v. Kirkland*, 540 F.3d 1019, 1024 n.2 (9th Cir. 2008) (upholding denial of stay because petitioner's incorrect "impression" that counsel had raised claims to California Supreme Court on direct appeal did not establish good cause under *Rhines*; rejecting petitioner's claim that counsel's failure to exhaust claims on direct appeal was "ineffective" because petitioner had not "developed" any argument that counsel's performance was deficient and prejudicial under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Rhines*, 544 U.S. at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." *Id.* at 278.

**B.     Analysis**

Here, the unexhausted claims are not plainly meritless and there is no nothing in the record that suggests that Petitioner has engaged in intentionally dilatory litigation tactics. However, Petitioner has not demonstrated the good cause required for a *Rhines* stay. Appellate counsel's advice, whether or not erroneous, that IAC subclaims Nos. 2 through 8 should be omitted in the

3

appellate brief does not establish good cause[1] because Petitioner could have disregarded the advice and the advice did not prevent Petitioner from exhausting these issues in a state habeas petition. To the extent that Petitioner is arguing that he was unaware of the exhaustion requirement, i.e. did not realize that failing to include IAC subclaims Nos. 2 through 8 would result in failure to exhaust state court remedies, ignorance of the law is common among *pro se* litigants and does not constitute good cause under *Rhines* for failure to exhaust. *See, e.g., Aguirre v. Harrington*, No. CV 09–08337 SJO (SS), 2010 WL 2680320, at *4 (C.D. Cal. June 9, 2010) (concluding that the Ninth Circuit has directly rejected arguments that "mere ignorance and reliance on counsel are sufficient to show good cause under *Rhines*" ); *Hamilton v. Clark*, No. CIV S–08–1008 EFB P, 2010 WL 530111, at *2 (E.D. Cal. Feb.9, 2010) (holding that petitioner's lack of understanding of exhaustion requirement and limited access to prison law library were insufficient to show good cause for failure to exhaust) (and cases cited therein).  Accordingly, Petitioner's request for a *Rhines* stay is DENIED.

This denial is without prejudice to seeking a stay pursuant to *King*/*Kelly*.  Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims and seeks a stay of the amended, fully exhausted petition; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and reattaches the newly exhausted claims to the original petition.  *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2000) (citing *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).  A petitioner seeking to stay an action pursuant to *King*/*Kelly* is not required to show good cause as under *Rhines*.  *Id.* at 1141-43. However, with regard to the third step, the court may only allow the petitioner to reattach the

---

[1] Nor does the record indicate that appellate counsel's advice to only raise IAC subclaim No. 1 constituted ineffective assistance of counsel in violation of *Strickland v. Washington*, 466 U.S. 668 (1984).  Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant.  *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Miller v. Keeney*, 882 F.2d 1428, 1434 n.10 (9th Cir. 1989). The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.  *See id.* at 1434.

newly-exhausted claims if he can demonstrate that the amendment satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with AEDPA's statute of limitations.

### C.  Requiring Petitioner to Make an Election

Petitioner has indicated that he wishes to proceed with this action. Instead of an outright dismissal of the action, this Court will allow Petitioner to choose whether he wants to: (1) dismiss the unexhausted IAC subclaims Nos. 2 through 8, and go forward in this action with only the exhausted IAC subclaim No. 1 and the *Miranda* claim; or (2) dismiss this action and return to state court to exhaust IAC subclaims Nos. 2 through 8 before filing a new federal petition presenting all of his claims; or (3) seek a *King/Kelly* stay by filing both a second amended petition that contains only the exhausted claims and a motion for a stay of these proceedings while he exhausts IAC subclaims Nos. 2 through 8 in the state courts. Petitioner is cautioned that each of the options has risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), whether he can amend the petition a fourth time to add back in any newly-exhausted claims will depend on whether he can demonstrate that the amendment to add back in the newly-exhausted claims satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with AEDPA's statute of limitations. Under option (3), this action stalls: this Court will do nothing further to resolve the case while Petitioner is diligently seeking relief in state court.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1.  Petitioner's request for a *Rhines* stay is DENIED without prejudice to seeking a *King/Kelly* stay. Dkt. No. 16.

2.  Within **twenty-eight (28) days** from the date of this order, Petitioner must file a

5

notice in which he states whether he chooses to (1) dismiss the unexhausted IAC subclaim Nos. 2 through 8, and go forward in this action with only the exhausted IAC subclaim No. 1 and the *Miranda* claim, or (2) dismiss this action and return to state court to exhaust IAC subclaims Nos. 2 through 8 before filing a new federal petition presenting all of his claims, or (3) seek a *King/Kelly* stay by filing both a second amended petition that contains only exhausted claims and a motion for a stay of these proceedings while he exhausts IAC subclaims Nos. 2 through 8 in the state courts. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice by Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Denying Petitioner's Request for Stay; Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), within twenty-eight (28) days from the date of this order, Petitioner must file a second amended petition that contains only exhausted claims and a motion requesting a *King*/*Kelly* stay. If Petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted IAC subclaims Nos. 2 through 8 and issue a separate order requiring respondent to show cause why relief should not be granted on the remaining IAC subclaim No. 1 and the *Miranda* claim.

This order terminates Dkt. No. 16.

**IT IS SO ORDERED.**

Dated: 12/13/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge