UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DELMONICO,<br>Petitioner,<br>v.<br>ROB BONTA,<br>Respondent. | Case No. 21-cv-02009-HSG<br><br>**ORDER SCREENING SECOND AMENDED PETITION; DENYING REQUEST FOR STAY WITHOUT PREJUDICE; DIRECTIONS TO PETITIONER**<br><br>Re: Dkt. Nos. 19, 20 |

Petitioner has filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner is challenging a 2018 misdemeanor conviction from Palo Alto Superior Court. Now before the Court are Petitioner's second amended petition (Dkt. No. 20) and his request for a *King/Kelly* stay (Dkt. No. 19).

**DISCUSSION**

**I.   Procedural Background**

Petitioner commenced the instant action on or about March 20, 2021. Dkt. No. 1 at 36. On March 31, 2021, the Court dismissed the petition with leave to amend, finding that the petition's first claim of ineffective assistance of counsel failed to clearly identify what trial counsel did or did not that constituted ineffective assistance of counsel. Dkt. No. 3. On May 19, 2021, the Court dismissed this action without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) because Petitioner had not filed an amended petition or otherwise communicated with the

---

[1] The Clerk of the Court is directed to substitute Attorney General Rob Bonta in place of the previously named respondent because Attorney General Rob Bonta is Petitioner's current custodian. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent)

1    Court, and entered judgment in favor of Respondent. Dkt. No. 4.

2    On or about June 10, 2021, after receiving an amended petition, the Court construed the amended petition as a request to reopen this action, vacated the dismissal and judgment, and reopened this action. Dkt. No. 9. That same day, the Court screened the amended petition and found that it alleged a cognizable *Miranda* claim and the following ineffective assistance of counsel ("IAC") claims: (1) counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand; (2) counsel failed to effectively examine Pittet; (3) counsel failed to impeach Avila as directed by Petitioner; (4) counsel incorrectly claimed that the Golfsmith was next to the Whole Foods, thereby undermining his credibility with the jury; (5) counsel incorrectly argued that the primary *Miranda* argument was the duration of Petitioner's detention; (6) counsel failed to present to the jury the timelines prepared by Petitioner; (7) counsel failed to question prosecution witnesses in a manner that reflected Petitioner's detailed accounting of his whereabouts on that day and that reflected Petitioner's understanding as to why Availa had been alerted to Petitioner's behavior that day; (8) counsel failed to ensure Deputy Chow's testimony at trial; and (9) counsel advised Petitioner not to testify at trial. The Court ordered Respondent to show cause why Petitioner should not be granted federal habeas relief based on these claims. *See generally* Dkt. No. 10.

On October 13, 2021, the Court granted Respondent's motion to dismiss the petition for failure to exhaust state remedies, finding that Petitioner has failed to exhausted IAC subclaims Nos. 2 though 8. The Court required Petitioner to elect whether he wished to (1) dismiss the unexhausted IAC subclaims Nos. 2 through 8, and go forward in this action with only the exhausted claims (IAC subclaim No. 1 and the *Miranda* claim); or (2) dismiss this action and return to state court to exhaust IAC subclaims Nos. 2 through 8 before filing a new federal petition presenting all of his claims; or (3) file a motion for a stay of these proceedings while he exhausts IAC subclaims Nos. 2 through 8 in the state courts. *See generally* Dkt. No. 15.

On December 13, 2021, the Court denied Petitioner's request for a *Rhines* stay, finding that he had not demonstrated the good cause necessary for a *Rhines* stay. The Court required Petitioner to elect whether he wished to (1) dismiss the unexhausted IAC subclaims Nos. 2

through 8, and go forward in this action with only the exhausted claims (IAC subclaim No. 1 and the *Miranda* claim); or (2) dismiss this action and return to state court to exhaust IAC subclaims Nos. 2 through 8 before filing a new federal petition presenting all of his claims; or (3) seek a *King/Kelly* stay by filing both a second amended petition that contains only the exhausted claims and a motion for a stay of these proceedings while he exhausts IAC subclaims Nos. 2 through 8 in the state courts. Dkt. No. 17.

Petitioner has since filed a second amended petition (Dkt. No. 20) and a motion requesting a *King*/*Kelly* stay (Dkt. No. 19).

## II.  Screening Second Amended Petition

Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court conducts an initial screening of the second amended petition.

### A.  Background

On August 24, 2018, Petitioner was convicted in Palo Alto Superior Court of a misdemeanor of disorderly conduct (Cal. Penal Code § 647(a)). Dkt. No. 20 at 1. Petitioner was sentenced to twelve days in county jail without eligibility for LCA home detention; three years of probation with sex offender terms, and mandatory registration on the sex offender registry pursuant to Cal. Penal Code § 290. Dkt. No. 20 at 1.

On September 6, 2019, Petitioner appealed his conviction to the appellate division of the superior court, and the appeal was denied on December 7, 2020. Dkt. No. 20 at 2. The state appellate court summarily denied the petition for transfer on February 11, 2021. Dkt. No. 20 at 2.

Petitioner commenced the instant action or about March 20, 2021. Dkt. No. 1 at 36.

### B.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### C. Second Amended Petition

The second amended petition alleges the following grounds for federal habeas relief: (1) Petitioner was denied his Sixth Amendment right to effective assistance of counsel when trial counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand; (2) Petitioner was denied his Fifth Amendment right against self-incrimination when he was in interrogated in custody without being Mirandized; and (3) cumulative error. *See generally* ECF No. 20. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## III. *King/Kelly* Stay

Petitioner has requested that the Court stay this case pursuant to *King/Kelly*, alleging that he has filed a second amended petition that contains only exhausted claims. Dkt. No. 19. Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims and seeks a stay of the amended, fully exhausted petition; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and reattaches the newly exhausted claims to the original petition.[2] *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2000) (citing *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). A petitioner seeking to stay an action pursuant to *King/Kelly* is not required to show good cause as under *Rhines*. *Id.* at 1141-43. The request for a *King/Kelly* stay is DENIED because the second amended petition appears to contain an unexhausted claim, the claim of cumulative error.

---

[2] With regard to this third step, the court may only allow the petitioner to reattach the newly-exhausted claims if he can demonstrate that the amendment satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with AEDPA's statute of limitations. The Court will not determine at this point if a future petition would comply with *Mayle* and *Felix*.

4

1    For the purposes of federal habeas review, in a misdemeanor case, a claim has been
2    exhausted when it is presented to the California Court of Appeal in a request to transfer an appeal
3    from the superior court appellate division. *See, e.g.*, *McMonagle v. Meyer*, 802 F.3d 1093, 1099
4    (9th Cir. 2015) (en banc) (petitioner seeking federal habeas review of a misdemeanor conviction is
5    not required to present his claims to California Supreme Court in order to exhaust them where
6    California Court of Appeal declines to hear claims on merits). The petition for transfer alleges
7    only two claims: (1) whether trial counsel was ineffective for introducing incriminating evidence
8    against him, specifically calling an unvetted witness, Pettit, whose testimony was prejudicial to
9    him; and (2) whether he was in custody for *Miranda* purposes when he was held in the non-public
10   area of the store and not free to terminate the interrogation. *See* Dkt. No. 12-1 at 195-211. There
11   is no claim of cumulative error in the petition for transfer.[3] Accordingly, because the second
12   amended petition does not contain only exhausted claims, the Court DENIES Petitioner's request
13   for a *King/Kelly* stay. This denial is without prejudice to filing a renewed motion for a *King/Kelly*
14   stay if the renewed request is accompanied by a third amended petition that contains only
15   exhausted claims.

16   **IV.   Directions to Petitioner**

17   Within **twenty-eight (28) days** from the date of this order, Petitioner must file a notice in
18   which he states whether he chooses to (1) dismiss the unexhausted IAC subclaim Nos. 2 through
19   8, and go forward in this action with only the exhausted claims (IAC subclaim No. 1 and the
20   *Miranda* claim), or (2) dismiss this action and return to state court to exhaust IAC subclaims Nos.
21   2 through 8 before filing a new federal petition presenting all of his claims, or (3) seek a
22   *King/Kelly* stay by filing both a third amended petition that contains only exhausted claims and a
23   motion for a stay of these proceedings while he exhausts IAC subclaims Nos. 2 through 8 in the
24   state courts. If he chooses Option (1) or Option (2), his filing need not be a long document; it is
25   sufficient if he files a one-page document entitled "Notice of Choice by Petitioner" and states

---

[3] It appears that Petitioner may have raised a claim of cumulative error in his appeal to the Santa Clara County Superior Court Appellate Division, since the superior court's appellate division denied a claim of cumulative error in its reasoned opinion. Dkt. No. 12-1 at 226.

simply: "Petitioner chooses to proceed under option ___ provided in the Order Denying Petitioner's Request for Stay; Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), within twenty-eight (28) days from the date of this order, Petitioner must file a third amended petition that contains only exhausted claims and a motion requesting a *King/Kelly* stay. If Petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss IAC subclaims Nos. 2 through 8 as unexhausted and issue a separate order requiring Respondent to show cause why relief should not be granted on the remaining IAC subclaim No. 1 and the *Miranda* claim.

Petitioner has written a letter to the Clerk of the Court, wherein he asks for the Court to clarify his understanding of the requirements of *Mayle v. Felix*, 545 U.S. 644 (2005) and *Duncan v. Walker*, 533 U.S. 167 (2001). Dkt. No. 18. All letters to the Clerk of the Court are docketed in this case. Neither the Clerk nor this Court can provide Petitioner with legal advice, including legal interpretations, and cannot answer legal questions.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1.  The Court finds that the second amended petition states the following cognizable claims for federal habeas relief: (1) Petitioner was denied his Sixth Amendment right to effective assistance of counsel when trial counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand; (2) Petitioner was denied his Fifth Amendment right against self-incrimination when he was in interrogated in custody without being Mirandized; and (3) cumulative error. *See generally* ECF No. 20. Because it is unclear if the second amended petition will be the operative petition and if the claim of cumulative error is exhausted, the Court will not issue an order to show cause at this time.

2.  Within **twenty-eight (28) days** from the date of this order, Petitioner must file a notice in which he states whether he chooses to (1) dismiss the unexhausted IAC subclaim Nos. 2 through 8, and go forward in this action with only the exhausted claims (IAC subclaim No. 1 and the *Miranda* claim), or (2) dismiss this action and return to state court to exhaust IAC subclaims

Nos. 2 through 8 before filing a new federal petition presenting all of his claims, or (3) seek a *King/Kelly* stay by filing both a third amended petition that contains only exhausted claims and a motion for a stay of these proceedings while he exhausts IAC subclaims Nos. 2 through 8 in the state courts. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice by Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Denying Petitioner's Request for Stay; Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), within twenty-eight (28) days from the date of this order, Petitioner must file a third amended petition that contains only exhausted claims and a motion requesting a *King*/*Kelly* stay. If Petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss IAC subclaims Nos. 2 through 8 as unexhausted and issue a separate order requiring Respondent to show cause why relief should not be granted on the remaining IAC subclaim No. 1 and the *Miranda* claim.

3. The Clerk of the Court is directed to substitute Attorney General Rob Bonta in place of the previously named respondent because Attorney General Rob Bonta is Petitioner's current custodian.

This order terminates Dkt. No. 19.

**IT IS SO ORDERED.**

Dated: 2/11/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge