UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DELMONICO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROB BONTA,<br><br>　　　　　Respondent. | Case No. 21-cv-02009-HSG<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; GRANTING EXTENSION OF TIME TO MAKE ELECTION**<br><br>Re: Dkt. No. 22 |

Petitioner has filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2018 misdemeanor conviction from Palo Alto Superior Court. Now pending before the Court is Petitioner's motion seeking leave to file a motion for reconsideration of the Court's denial of his request for a *Rhines* stay. For the reasons set forth below, the Court DENIES Plaintiff's request for leave to file a motion for reconsideration and *sua sponte* GRANTS Petitioner an extension of time to April 8, 2022, to make an election as to how to proceed.

**DISCUSSION**

**I.    Procedural Background**

Petitioner filed this action on or about March 20, 2021. Dkt. No. 1 at 36. On March 31, 2021, the Court dismissed the initial petition with leave to amend, finding that the petition's first claim of ineffective assistance of counsel failed to clearly identify what trial counsel did or did not do that constituted ineffective assistance of counsel. Dkt. No. 3.

Petitioner filed an amended petition which stated a *Miranda* claim and eight ineffective assistance of counsel ("IAC") claims. *See generally* Dkt. No. 10. The Court granted Respondent's motion to dismiss IAC subclaims Nos. 2 through 8 as unexhausted, and required Petitioner to elect whether he wished to (1) dismiss the unexhausted claims and go forward in this

1  action with only the exhausted claims; or (2) dismiss this action and return to state court to exhaust
2  the unexhausted claims before filing a new federal petition presenting all of his claims; or (3) file a
3  motion for a stay of these proceedings while he exhausted the unexhausted claims in the state
4  courts. *See generally* Dkt. No. 15.

On December 13, 2021, the Court denied Petitioner's request for a *Rhines* stay, finding that he had not demonstrated the good cause necessary. The Court required Petitioner to elect whether he wished to (1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims; or (2) dismiss this action and return to state court to exhaust the unexhausted claims before filing a new federal petition presenting all his claims; or (3) seek a *King/Kelly* stay by filing both a second amended petition that contained only exhausted claims and a motion for a stay of these proceedings while he exhausted the unexhausted claims. Dkt. No. 17.

Petitioner filed a second amended petition which alleged that (1) he was denied his Sixth Amendment right to effective assistance of counsel when trial counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand; (2) he was denied his Fifth Amendment right against self-incrimination when he was in interrogated in custody without being Mirandized; and (3) cumulative error. *See generally* ECF No. 20. Petitioner also requested a *King/Kelly* stay. Dkt. No. 19. On February 11, 2022, the Court denied the request for a *King/Kelly* stay because the second amended petition's claim of cumulative error was unexhausted. Dkt. No. 21. The denial was without prejudice to filing a renewed motion for a *King*/*Kelly* stay if the renewed request were accompanied by a third amended petition that contained only exhausted claims.

## II. Request for Leave to File a Motion for Reconsideration

Petitioner has requested reconsideration of the Court's denial of his request for a *King*/*Kelly* stay, stating that he has exhausted his claim of cumulative error, as this claim was presented in both his appellate opening brief and his petition to transfer.

The Court construes this motion as a request for leave to file a motion for reconsideration because pursuant to Local Rule 7-9(b), before the entry of judgment, no party may notice a motion for reconsideration without first obtaining leave of Court to file the motion. N.D. Cal. L.R. 7-9(a). A party seeking reconsideration must specifically show: (1) that at the time of the motion for

leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* N.D. Civil L.R. 7-9(b).

Petitioner, in essence, argues that there was a manifest failure by the Court to consider his appellate opening brief and his petition to transfer, both of which raise the claim of cumulative error. Petitioner is incorrect. The petition for transfer does not raise a claim of cumulative error. In recounting the procedural history of the case, the petition for transfer states that Petitioner appealed the conviction on three grounds, including cumulative error. Dkt. No. 12-1 at 199; Dkt. No. 22 at 4. However, in listing the issues presented for transfer, the petition for transfer specified that there were only two issues presented: (1) whether trial counsel was ineffective when trial counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand; and (2) whether Petitioner was in custody for the purposes of *Miranda* when he was held by police in the non-public area of a commercial store and not free to terminate the investigation. Dkt. No. 12-1 at 198, 207-211 ("Certification and transfer are necessary to settle *two* important questions of law.") (emphasis added). For the purposes of federal habeas review, in a misdemeanor case, a claim has been exhausted when it is presented to the California Court of Appeal in a request to transfer an appeal from the superior court appellate division. *See, e.g.*, *McMonagle v. Meyer*, 802 F.3d 1093, 1099 (9th Cir. 2015) (en banc) (petitioner seeking federal habeas review of misdemeanor conviction is not required to present his claims to California Supreme Court in order to exhaust them where California Court of Appeal declines to hear claims on merits). Here, there was no claim of cumulative error presented to the state appellate court in the petition to transfer. A claim of cumulative error was raised on direct appeal and the petition for transfer references the cumulative error in recounting the procedural history of the case, but the petition for transfer itself only requests certification and transfer of *two* legal claims, neither of which is a claim of

cumulative error. Because there was no manifest error by the Court, the Court DENIES Petitioner's request for leave to file a motion for reconsideration. Dkt. No. 22.

## CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's request leave to file a motion for reconsideration. Dkt. No. 22. The Court will *sua sponte* grant Petitioner an extension of time to April 8, 2022, to make an election. The election options set forth in Dkt. No. 21 incorrectly relied on the amended petition. Because the second amended petition is the operative petition, Petitioner has the following options. By April 8, 2022, Petitioner shall inform the Court whether he will proceed by (1) dismissing the unexhausted cumulative error claim and going forward in this action with only the exhausted claims (the IAC claim and the *Miranda* claim), or (2) dismissing this action and returning to state court to exhaust the cumulative error claim before filing a new federal petition presenting all of his claims, or (3) seeking a *King/Kelly* stay by filing both a third amended petition that contains only exhausted claims and a motion for a stay of these proceedings while he exhausts any unexhausted claims in the state courts.[1] Dkt. No. 22.

**IT IS SO ORDERED.**

Dated: 3/7/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Petitioner is reminded that while he may later amend his second amended petition to reattach any newly exhausted claims, the court may only allow Petitioner to reattach the newly-exhausted claims if he can demonstrate that the amendment satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with AEDPA's statute of limitations. *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2000) (citing *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). The Court will not determine at this point if a future petition would comply with *Mayle* and *Felix*.