UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DELMONICO,<br><br>    Petitioner,<br><br>    v.<br><br>ROB BONTA,<br><br>    Respondent. | Case No. 21-cv-02009-HSG<br><br>**ORDER SCREENING THIRD AMENDED PETITION AND DISMISSING CERTAIN CLAIMS; GRANTING REQUEST FOR STAY; STAYING CASE AND ADMINISTRATIVELY CLOSING ACTION; DIRECTIONS TO PETITIONER**<br><br>Re: Dkt. Nos. 24, 25 |

Petitioner has filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a 2018 misdemeanor conviction from Palo Alto Superior Court. Now before the Court are Petitioner's third amended petition (Dkt. No. 25) and his request for a *King/Kelly* stay (Dkt. No. 24).

**DISCUSSION**

**I.     Procedural Background**

Petitioner commenced the instant action on or about March 20, 2021. Dkt. No. 1 at 36. On March 31, 2021, the Court dismissed the petition with leave to amend. Dkt. No. 3. On or about June 10, 2021, the Court screened the amended petition and found that it alleged a cognizable *Miranda* claim and numerous ineffective assistance of counsel ("IAC") claims, and ordered Respondent to show cause why Petitioner should not be granted federal habeas relief based on these claims. *See generally* Dkt. No. 10.

On October 13, 2021, the Court granted Respondent's motion to dismiss the petition for failure to exhaust state remedies, finding that Petitioner has failed to exhausted IAC subclaims

1  Nos. 2 through 8, and required Petitioner to elect how he wished to proceed. *See generally* Dkt.
2  No. 15.
3        On December 13, 2021, the Court denied Petitioner's request for a *Rhines* stay, finding that
4  he had not demonstrated the good cause necessary for a *Rhines* stay. The Court required
5  Petitioner to elect how he wished to proceed. Dkt. No. 17.
6        On February 11, 2022, the Court screened Petitioner's second amended petition and denied
7  his request for a *King*/*Kelly* stay because the second amended petition contained an unexhausted
8  claim. Dkt. No. 21.

## II. Screening Third Amended Petition

Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court conducts an initial screening of the third amended petition (Dkt. No. 25).

### A. Background

On May 17, 2018, a Santa Clara County jury found Petitioner guilty of a misdemeanor of disorderly conduct (Cal. Penal Code § 647(a)). Dkt. No. 25 at 1. On August 24, 2018, Petitioner was sentenced to twelve days in county jail without eligibility for LCA home detention; three years of probation with sex offender terms, and mandatory registration on the sex offender registry pursuant to Cal. Penal Code § 290. Dkt. No. 25 at 1.

On September 6, 2019, Petitioner appealed his conviction to the appellate division of the superior court, and the appeal was denied on December 7, 2020. Dkt. No. 25 at 1-2. The state appellate court summarily denied the petition for transfer on February 11, 2021. Dkt. No. 25 at 2.

Petitioner commenced the instant action or about March 20, 2021. Dkt. No. 1 at 36.

### B. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

1  appears from the application that the applicant or person detained is not entitled thereto." 28

2  U.S.C. § 2243.

### C.     Third Amended Petition

The third amended petition alleges the following grounds for federal habeas relief.  The first claim is that trial counsel was ineffective because trial counsel called Nicolas Pittet as a defense witness without vetting Pittet or informing Petitioner beforehand, and because trial counsel forgot to admit into evidence a written report prepared by Pittet.  The second claim is that Petitioner was denied his Fifth Amendment right against self-incrimination when he was in interrogated in custody without being Mirandized.  *See generally* Dkt. No. 25.  Liberally construed, the claims appear cognizable under § 2254.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

However, Petitioner is seeking a *King*/*Kelly* stay which can only be granted if the operative petition contains fully exhausted claims.  The petition for transfer[1] alleges only two claims: (1) whether trial counsel was ineffective for introducing incriminating evidence against him, specifically calling an unvetted witness, Pettit, whose testimony was prejudicial to Petitioner; and (2) whether Petitioner was in custody for *Miranda* purposes when he was held in the non-public area of the store and not free to terminate the interrogation.  *See* Dkt. No. 12-1 at 195-211.  The petition for transfer's claim does not allege ineffective assistance of counsel based on the failure to introduce Pettit's report or the failure to inform Petitioner beforehand that counsel would call Pettit as a witness.  The Court *sua sponte* DISMISSES these IAC subclaims.[2]  *See* 28 U.S.C.

---

[1] For the purposes of federal habeas review, in a misdemeanor case, a claim has been exhausted when it is presented to the California Court of Appeal in a request to transfer an appeal from the superior court appellate division. *See, e.g.*, *McMonagle v. Meyer*, 802 F.3d 1093, 1099 (9th Cir. 2015) (en banc) (petitioner seeking federal habeas review of misdemeanor conviction is not required to present claims to California Supreme Court in order to exhaust where California Court of Appeal declines to hear claims on merits).

[2] The IAC claim presented in the third amended petition appears to be the same IAC claim presented in the second amended petition. *Compare* Dkt. No. 20 *with* Dkt. No. 25.  In the Court's February 11, 2022, order screening the second amended petition, the Court found that the only cognizable IAC claim stated was that trial counsel was ineffective for calling Pittet as a defense witness without vetting Pittet beforehand. Dkt. No. 21.  The Court's February 11, 2022 order should also have noted that the IAC subclaims alleging ineffective assistance of counsel on the grounds that trial counsel failed to inform Petitioner beforehand that he would call Pittet as a witness and failed to introduce Pittet's statement into evidence were unexhausted.  Dkt. No. 21.

1  § 2254(b), (c) (prisoners in state custody who wish to challenge collaterally in federal habeas

2  proceedings either fact or length of their confinement are required first to exhaust state judicial

3  remedies, either on direct appeal or through collateral proceedings, by presenting highest state

4  court available with fair opportunity to rule on merits of each and every claim they seek to raise in

5  federal court).

## III.    *King*/*Kelly* Stay

Petitioner has requested that the Court stay this case pursuant to *King*/*Kelly*, alleging that he has filed a third amended petition that contains only exhausted claims.  Dkt. No. 24.  Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims and seeks a stay of the amended, fully exhausted petition; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and reattaches the newly exhausted claims to the original petition.  *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2000) (citing *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).  With regard to this third step, the court may only allow the petitioner to reattach the newly-exhausted claims if he can demonstrate that the amendment satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with AEDPA's statute of limitations.  The Court will not determine at this point if a future petition would comply with *Mayle* and *Felix*.  A petitioner seeking to stay an action pursuant to *King*/*Kelly* is not required to show good cause as under *Rhines*.  *Id.* at 1141-43.

The request for a *King*/*Kelly* stay is GRANTED.  The third amended petition contains only these two claims, both of which are exhausted: trial counsel was ineffective because trial counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand, and Petitioner was denied his Fifth Amendment right against self-incrimination when he was interrogated in custody without being Mirandized.  The additional IAC subclaims have been dismissed as unexhausted.

//

//

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The third amended petition states the following two cognizable claims for relief: (1) trial counsel was ineffective because trial counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand, and (2) Petitioner was denied his Fifth Amendment right against self-incrimination when he was interrogated in custody without being Mirandized.

2. The Court GRANTS the request for a *King*/*Kelly* stay. Dkt. No. 24. The Court STAYS and ABEYS this action.

3. If Petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted and that his petition be considered on the merits. To do so, Petitioner must file a request to lift the stay with the Court within **thirty (30) days** from the date the California Supreme Court completes its review of Petitioner's claim. The request must clearly identify in the caption that it is to be filed in Case No. C 20-cv-02009 HSG (PR) and be accompanied by a fourth amended petition re-attaching any newly exhausted claims. If Petitioner does not take any further action after the state court decides his petition on the merits, this case will remain stayed and he will not receive any ruling from the Court on his petition.

4. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure.

This order terminates Dkt. No. 24.

**IT IS SO ORDERED.**

Dated: 3/21/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge