UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOHN DELMONICO,

    Petitioner,

v.

ROB BONTA,

    Respondent.

Case No. 21-cv-02009-HSG

**ORDER DENYING REQUEST TO LIFT STAY AND REOPEN ACTION**

Re: Dkt. No. 27

Petitioner has filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2018 misdemeanor conviction from Palo Alto Superior Court. On March 21, 2022, the Court screened the third amended petition and found that two of the ineffective assistance of counsel ("IAC") subclaims were unexhausted, *sua sponte* dismissed these two unexhausted IAC subclaims, and granted Petitioner's request for a stay of this action pursuant to *King*/*Kelly*. Dkt. No. 26. Now pending before the Court is Petitioner's letter to the Court reporting that the Supreme Court of California returned his petition for review to exhaust state remedies under Cal. R. Ct. 8.508. Dkt. No. 27. The Court construes this letter as a request to lift the stay and reopen this action. The Court DENIES this request for the following reasons.

**DISCUSSION**

Petitioner states that he attempted to file a petition for review to exhaust state remedies under Cal. R. Ct. 8.508 and that the California Supreme Court rejected the filing pursuant to Cal. R. Ct. 8.500(a). Petitioner reports that he believes that he has exhausted his state remedies with this rejection notice. Petitioner asks if he has satisfied his requirements at the state level so that he may formally file a request to lift the stay and file a fourth amended petition with the newly exhausted claims. *See generally* Dkt. No. 27. Construing the letter as a request to lift the stay and

reopen this action, the Court DENIES the request, because Petitioner's filing with the California Supreme Court did not exhaust his state court remedies.

A misdemeanant exhausts his or her state court remedies either after direct review of his claims is concluded or after the claims have been presented in state collateral proceedings, depending on the nature of the claim. *See McMonagle v. Meyer*, 802 F.3d 1093, 1099 & n.1 (9th Cir. 2015). In California, to conclude direct review of claims challenging a misdemeanor conviction, a misdemeanant must first raise his or her claims in a direct appeal to the appellate division of the Superior Court, then file with the appellate division of the Superior Court a request for a certification of transfer to the California Court of Appeal, and finally, directly ask the California Court of Appeal to order transfer of his or her case. *Id.* at 1096. The California Court of Appeal's denial of transfer is final immediately and ends direct review of Petitioner's conviction. *Id.* (finding that "exhaustion and finality for misdemeanors will largely coincide at the California Court of Appeal. When the Court of Appeal denies transfer, the petitioner will have exhausted his state court remedies"); *see also Lull v. California*, 2018 WL 3388593, at *1 (E.D. Cal., July 12, 2018) (granting Respondent's motion to dismiss for failure to exhaust where petitioner failed to request certification to transfer his case to California Court of Appeal but noting that where misdemeanant requests certification of his case for transfer and request is denied, "then the misdemeanant has fully exhausted") (citing *McMonagle*, 802 F.3d at 1096, 1099). In *McMonagle*, the Ninth Circuit noted that certain type of claims, such as ineffective assistance of counsel claims, must be raised and exhausted via state collateral proceedings. *McMonagle*, 802 F.3d at 1099 n.1.

For Petitioner to exhaust his state court remedies for claims challenging the validity of his misdemeanor, he must either present these claims through the direct review process or via state collateral proceedings, depending on the nature of the claim.[1] *McMonagle*, 802 F.3d at 1099 & n.1. There is nothing in the record that indicates that Petitioner has done so. Presenting the claims to the California Supreme Court via a Petition for Review to Exhaust State Court Remedies does

---

[1] In his letter to the Court, Petitioner states that he does not meet the requirements to file a petition for a writ of habeas corpus with the state, but does not explain why. Dkt. No. 27 at 1.

not exhaust Petitioner's state court remedies. *Id.* at 1099.

Because the record does not indicate that Petitioner has exhausted his state court remedies, the Court DENIES Petitioner's request to lift the stay and reopen this action. Dkt. No. 27. This denial is without prejudice to Petitioner filing a renewed request to lift the stay and reopen this action after he has exhausted his state court remedies. To assist the Court in determining whether Petitioner has exhausted his state court remedies, Petitioner should attach a copy of the briefing that he submits to the state courts and a copy of the state court's decision when filing any renewed request to lift the stay and reopen this action.

## CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's request to lift the stay and reopen this action without prejudice to Petitioner filing a renewed request to lift the stay and reopen this action after he has exhausted his state court remedies, and attaching the documents specified above. Dkt. No. 27.

This order terminates Dkt. No. 27.

**IT IS SO ORDERED.**

Dated: 6/17/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge