UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DELMONICO,<br>    Petitioner,<br>    v.<br>ROB BONTA,<br>    Respondent. | Case No. 21-cv-02009-HSG<br>**ORDER DENYING WITHOUT PREJUDICE REQUEST TO LIFT STAY**<br>Re: Dkt. No. 29 |

Petitioner has filed a *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2018 misdemeanor conviction from Palo Alto Superior Court. On March 21, 2022, pursuant to Petitioner's request, the Court stayed this action to allow Petitioner to exhaust state court remedies. Dkt. No. 26. Now pending before the Court is Petitioner's request to lift the stay. Dkt. No. 29. For the reasons set forth below, the request is DENIED without prejudice.

**DISCUSSION**

Petitioner has requested to lift the stay, arguing that he has exhausted his state court remedies. Dkt. No. 29 at 1-3. Petitioner reports that on July 11, 2022, he filed a petition for a writ of habeas corpus in Santa Clara County Superior Court. Dkt. No. 29 at 1. On September 9, 2022, the Superior Court denied the petition because he was not in actual or constructive custody as his jail term was deemed served in September 2018; his probation was terminated by court order on April 20, 2021; his conviction was expunged pursuant to Cal. Penal Code § 1203.4 on July 2, 2021; and the requirement to register as a sex offender does not render him "in custody" for purposes of habeas corpus. Dkt. No. 29-1 at 1-2. Petitioner does not report filing habeas petitions in the California appellate courts or in the California Supreme Court.

Petitioner has not exhausted his state court remedies. A misdemeanant exhausts his or her

1  state court remedies either after direct review of his claims is concluded or after the claims have
2  been presented in state collateral proceedings, depending on the nature of the claim. *See*
3  *McMonagle v. Meyer*, 802 F.3d 1093, 1099 & n.1 (9th Cir. 2015). Ineffective assistance of
4  counsel claims must be raised and exhausted via state collateral proceedings. *McMonagle*, 802
5  F.3d at 1099 n.1. To satisfy the exhaustion-of-state-court-remedies requirement in state collateral
6  proceedings, a petitioner must present the highest state court available with a fair opportunity to
7  rule on the merits of the claims he seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c);
8  *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Here, Petitioner has only filed a state habeas petition
9  with the Santa Clara Superior Court. Petitioner has not presented his claims in state collateral
10 proceedings to the highest state court available, the California Supreme Court.[1]

11 The Court DENIES Petitioner's request to lift the stay and reopen this action. Dkt. No. 29.
12 This denial is without prejudice to Petitioner filing a renewed request to lift the stay and reopen
13 this action after he has exhausted his state court remedies. To assist the Court in determining
14 whether Petitioner has exhausted his state court remedies, Petitioner should attach a copy of the
15 briefing that he submits to the state courts and a copy of the state court's decision when filing a
16 renewed request to lift the stay and reopen this action.

## CONCLUSION

18 For the reasons set forth above, the Court DENIES Petitioner's request to lift the stay and
19 reopen this action without prejudice to Petitioner filing a renewed request to lift the stay and
20 reopen this action after he has exhausted his state court remedies, and attaching the documents
21 specified above. Dkt. No. 29.
22 //

---

[1] Petitioner reports that he attempted to present his claims to the California Supreme Court by filing a "Petition for Review to Exhaust State Remedies under California Rules of Court, rule 8.508," and that the California Supreme Court refused to accept the petition for filing, stating that the filing was in violation of Cal. R. Ct. 8.500(a). Dkt. No. 27. A petition for review is not a part of state collateral proceedings. A petition for review is a part of the direct review process, allowing petitioners to seek review of decisions issued by the California Court of Appeals. *See generally* Cal. R. Ct. 8.500. However, petitioners may not file petitions for review for review of denials of transfers of a case within the appellate jurisdiction of the superior court. Cal. R. Ct. 8.500(a)(1).

This order terminates Dkt. No. 29.

**IT IS SO ORDERED.**

Dated: 3/9/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

3