UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DELMONICO,<br><br>   Plaintiff,<br><br>   v.<br><br>ROB BONTA,<br><br>   Defendant. | Case No. 21-cv-02009-HSG<br><br>**ORDER GRANTING REQUEST FOR RECONSIDERATION; LIFTING STAY AND REOPENING ACTION; ORDERING PARTIES TO ADDRESS THRESHOLD ISSUES**<br><br>Re: Dkt. No. 32 |

Petitioner has filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2018 state court misdemeanor conviction from Santa Clara County Superior Court. For the reasons set forth below, the Court GRANTS Petitioner's request for reconsideration, Dkt. No. 32, LIFTS the stay and REOPENS the action; SCREENS the fourth amended petition; and ORDERS the parties to address certain threshold issues.

**BACKGROUND**

On May 17, 2018, a Santa Clara County jury found Petitioner guilty of a misdemeanor of disorderly conduct (Cal. Penal Code § 647(a)). Dkt. No. 30 at 1. On August 24, 2018, Petitioner was sentenced to twelve days in county jail without eligibility for LCA home detention; three years of probation with sex offender terms; and mandatory registration on the sex offender registry pursuant to Cal. Penal Code § 290. Dkt No. 30 at 1.

On September 6, 2019, Petitioner appealed his conviction to the appellate division of the superior court, and the appeal was denied on December 7, 2020. Dkt. No. 25 at 1-2. On February 11, 2021, the state appellate court summarily denied the petition for transfer. Dkt. No. 25 at 2.

Petitioner filed this federal habeas action or about March 23, 2021. Dkt. No. 1. On March 31, 2021, the Court dismissed the petition with leave to amend. Dkt. No. 3. On June 10, 2021, the

1   Court screened the amended petition and found that it alleged a cognizable *Miranda* claim and
2   numerous ineffective assistance of counsel ("IAC") claims, and ordered Respondent to show cause
3   why Petitioner should not be granted federal habeas relief based on these claims. Dkt. No. 10. On
4   October 13, 2021, the Court granted Respondent's motion to dismiss the petition for failure to
5   exhaust state remedies, finding that Petitioner has failed to exhausted IAC subclaims Nos. 2
6   though 8, and required Petitioner to elect how he wished to proceed. Dkt. No. 15.

7   On April 20, 2021, the Santa Clara County Superior Court ordered the early termination of
8   probation for Petitioner pursuant to Cal. Penal Code § 1203.1. Dkt. No. 30 at 2.

9   On July 2, 2021, Petitioner was granted an expungement of his conviction pursuant to Cal.
10  Penal Code § 1203.4. Dkt. No. 30 at 3.

11  On December 13, 2021, the Court denied Petitioner's request for a *Rhines* stay, finding that
12  he had not demonstrated the good cause necessary for a *Rhines* stay. The Court required Petitioner
13  to elect how he wished to proceed. Dkt. No. 17. Petitioner responded by filing a third amended
14  petition and a request for a *King/Kelly* stay. Dkt. Nos. 24, 25.

15  On March 21, 2022, the Court screened the third amended petition and found that it stated
16  the following two cognizable claims for federal habeas relief: (1) trial counsel was ineffective
17  because trial counsel called Nicolas Pittet as a defense witness without vetting Pittet or informing
18  Petitioner beforehand, and because trial counsel forgot to admit into evidence a written report
19  prepared by Pittet; and (2) Petitioner was denied his Fifth Amendment right against self-
20  incrimination when he was in interrogated in custody without being Mirandized. Dkt. No. 26 at 3.
21  The Court *sua sponte* dismissed the IAC subclaims alleging that trial counsel was ineffective for
22  failing to inform Petitioner that he would be calling Pettit as a witness and for failing to introduce
23  Pettit's report because these claims were unexhausted. With this *sua sponte* dismissal, the third
24  amended petition contained solely exhausted claims. The Court therefore granted Petitioner's
25  request for a *King/Kelly* stay. Dkt. No. 26 at 3-4.

26  On July 11, 2022, Petitioner filed a petition for a writ of habeas corpus in Santa Clara
27  County Superior Court. Dkt. No. 29 at 1.

28  On or about September 9, 2022, the Superior Court denied the petition because he was not

in actual or constructive custody as his jail term was deemed served in September 2018; his probation was terminated by court order on April 20, 2021; his conviction was expunged pursuant to Cal. Penal Code § 1203.4 on July 2, 2021; and the requirement to register as a sex offender does not render him "in custody" for purposes of habeas corpus. Dkt. No. 29-1 at 1-2.

On October 13, 2022, Petitioner filed a fourth amended petition, Dkt. No. 30, and requested that the Court lift the stay, stating that he had exhausted his state court remedies, Dkt. No. 29. On March 9, 2023, the Court denied Petitioner's request to lift the stay, finding that Petitioner had not exhausted his state court remedies because he had not presented his claims in state collateral proceedings to the highest state court available, i.e., the California Supreme Court. Dkt. No. 31.

## DISCUSSION

### A.   Request for Reconsideration

Petitioner argues that the Court erred in denying his request to lift the stay and in finding that he failed to exhaust state court remedies because state court remedies have effectively been denied to him. Petitioner states that when he filed a state habeas petition with the state superior court in July 2022, the state superior court denied the petition on the ground that Petitioner was not in custody. Petitioner argues that the state court's finding that he is no longer in custody due to the expungement of his conviction effectively bars him from seeking any future relief in state court. *See generally* Dkt. No. 32. Because it is unclear whether Petitioner has any state court remedies currently available to him, the Court GRANTS the motion for reconsideration, Dkt. No. 32, and ORDERS that the Clerk lift the stay and reopen this action.

### B.   Fourth Amended Petition

#### 1.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

3

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### 2. Claims for Relief

The fourth amended petition alleges the following claims for federal habeas relief.

First, the fourth amended petition alleges that trial counsel was ineffective in the following ways: (1) when he called Nicolas Pittet as a defense witness without vetting Pittet beforehand; (2) when he lost his composure after calling Pittet as witness, admitted that Pittet's prejudicial testimony lost the case for Petitioner, and failed to effectively cross-examine Pittet; (3) when he failed to effectively impeach witnesses Avila and Cuellar as directed by Petitioner; (4) when he undermined his credibility with the jury and caused prejudicial error to Petitioner by cross-examining the prosecution's key witness about a Golfsmith that did not exist; (5) when he concluded to the trial judge that the primary Miranda argument was the duration of Petitioner's detention; (6) when counsel failed to present to the jury the timelines prepared by Petitioner that would have cast doubt on Avila's testimony; (7) when he failed to cross-examine prosecution witnesses, as directed by Petitioner, with a detailed accounting of Petitioner's whereabouts and events on that day that may have led to Availa's misperception of Petitioner's behavior that day; (8) when he failed to ensure Deputy Chow's testimony at trial; (9) when he advised Petitioner not to testify at trial; and (10) when he failed to communicate with the probation officer and judge before and during sentencing about discrepancies between the presentencing report and Petitioner's written statements provided to the probation officer prior to the pre-sentencing meeting.

Second, Petitioner alleges that he was denied his Fifth Amendment right against self-incrimination when he was retained in custody and interrogated by law enforcement officers without being Mirandized.

Third, Petitioner alleges cumulative error from the above claims – trial counsel's ineffective assistance and the failure to provide him with *Miranda* warnings prior to interrogation.

Fourth, Petitioner alleges the state superior court's denial of his appeal was an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding.

Liberally construed, the first three claims appear cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally). The fourth claim is merely a restatement of the standard for granting federal habeas relief, 28 U.S.C. § 2254(d), and is therefore dismissed.

### C.     Ordering Briefing on Threshold Issues

Before ordering Respondent to address the fourth amended petition on the merits, the Court first orders the parties to address two threshold issues: (1) whether Petitioner has exhausted his state court remedies, and (2) whether the expungement of Petitioner's conviction renders this action moot. By January 12, 2023, Respondent shall file a brief, no longer than 10 pages in length, addressing these two threshold issues. Petitioner shall file a responsive brief by February 23, 2023.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for reconsideration, Dkt. No. 32, and ORDERS that the Clerk lift the stay and reopen this action. By March 14, 2024, Respondent shall file a brief, no longer than 10 pages in length, addressing (1) whether Petitioner has exhausted his state court remedies, and (2) whether the expungement of Petitioner's conviction renders this action moot. Petitioner shall file a responsive brief by April 25, 2024.

This order terminates Dkt. No. 32.

**IT IS SO ORDERED.**

Dated:  2/15/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge