UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DELMONICO,<br><br>   Plaintiff,<br><br>  v.<br><br>ROB BONTA,<br><br>   Defendant. | Case No. 21-cv-02009-HSG<br><br>**ORDER TO SHOW CAUSE;<br>RESETTING BRIEFING SCHEDULE** |

  Petitioner has filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2018 state court misdemeanor conviction from Santa Clara County Superior Court. In light of Respondent's recent filing stating that Petitioner's claims are exhausted and that this action is not moot, the Court orders as follows.

  1. The Court VACATES the current briefing deadline. Petitioner need not file the responsive brief ordered in the Court's February 16, 2024 Order (Dkt. No. 34).

  2. The Court ORDERS Respondent to answer the operative petition. The Court has screened the operative petition, Dkt. No. 30, and found that it states the following cognizable claims.

  First, the petition alleges that trial counsel was ineffective in the following ways: (1) when he called Nicolas Pittet as a defense witness without vetting Pittet beforehand; (2) when he lost his composure after calling Pittet as witness, admitted that Pittet's prejudicial testimony lost the case for Petitioner, and failed to effectively cross-examine Pittet; (3) when he failed to effectively impeach witnesses Avila and Cuellar as directed by Petitioner; (4) when he undermined his credibility with the jury and caused prejudicial error to Petitioner by cross-examining the prosecution's key witness about a Golfsmith that did not exist; (5) when he concluded to the trial

judge that the primary Miranda argument was the duration of Petitioner's detention; (6) when counsel failed to present to the jury the timelines prepared by Petitioner that would have cast doubt on Avila's testimony; (7) when he failed to cross-examine prosecution witnesses, as directed by Petitioner, with a detailed accounting of Petitioner's whereabouts and events on that day that may have led to Availa's misperception of Petitioner's behavior that day; (8) when he failed to ensure Deputy Chow's testimony at trial; (9) when he advised Petitioner not to testify at trial; and (10) when he failed to communicate with the probation officer and judge before and during sentencing about discrepancies between the presentencing report and Petitioner's written statements provided to the probation officer prior to the pre-sentencing meeting.

Second, the petition alleges that Petitioner was denied his Fifth Amendment right against self-incrimination when he was retained in custody and interrogated by law enforcement officers without being Mirandized.

Third, the petition alleges cumulative error from the above claims – trial counsel's ineffective assistance and the failure to provide him with *Miranda* warnings prior to interrogation.

3. The Court orders Respondent to file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim(s) found cognizable herein. Respondent shall file with the answer and serve on Petitioner all documents that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  4/22/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge