UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN DELMONICO,<br>　　　Petitioner,<br>　v.<br>ROB BONTA,<br>　　　Respondent. | Case No. 21-cv-02009-HSG<br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; SETTING BRIEFING SCHEDULE**<br>Re: Dkt. No. 38 |

Petitioner has filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2018 state court misdemeanor conviction from Santa Clara County Superior Court. For the reasons set forth below, the Court VACATES the Court's October 13, 2021 Order; GRANTS Respondent's motion to dismiss, Dkt. No. 38, and sets a briefing schedule for the remaining claims.

**DISCUSSION**

**I.    Procedural History**

On May 17, 2018, Petitioner was convicted of a misdemeanor count of disorderly conduct (Cal. Penal Code § 647(a)). On August 24, 2018, Petitioner was sentenced to twelve days in county jail without eligibility for LCA home detention; three years of probation with sex offender terms; and mandatory registration on the sex offender registry pursuant to Cal. Penal Code § 290. Dkt. No. 1 at 1. On September 7, 2018, Petitioner appealed his misdemeanor conviction to the appellate division of the state courts on the following grounds: (1) Petitioner was denied his Sixth Amendment right to counsel when trial counsel called Nicholas Pettit as a defense witness and Pettit provided highly prejudicial evidence against Petitioner; (2) Petitioner was denied his Fifth Amendment right against self-incrimination when the trial court admitted his un-Mirandized

statement which was the product of a custodial interrogation; and (3) cumulative effect of both errors denied him his Fourteenth Amendment right to due process. Dkt. No. 12-1 at 169-170, 172, 179-91, 199. On December 7, 2020, the appellate division of the Santa Clara Superior Court denied the appeal in a reasoned order. Dkt. No. 12-1 at 179-191. On January 19, 2021, Petitioner filed a petition to transfer the case to the state appellate court, presenting the following issues: (1) whether trial counsel was ineffective in violation of a defendant's Sixth Amendment right to effective assistance of counsel where counsel called a witness who provided incriminating testimony and where counsel had not reviewed that witness' prior statement about the case; and (2) whether a defendant is in custody for the purposes of *Miranda v. Arizona*, 284 U.S. 436 (1996), when he is held by police in the non-public area of a commercial store and not free to terminate the interrogation. Dkt. No. 12-1 at 195-228; Dkt. No. 38 at 16-49. On February 11, 2021, the state appellate court summarily denied this petition. Dkt. No. 12-1 at 230; Dkt. No. 38 at 52.

On March 23, 2021, Petitioner filed this federal habeas action. Dkt. No. 1. On March 31, 2021, the Court screened the initial petition. The Court found that the petition stated a cognizable *Miranda* claim but dismissed with leave to amend the ineffective assistance of counsel claim. *See generally* Dkt. No. 3.

On April 20, 2021, the Santa Clara County Superior Court ordered the early termination of Petitioner's probation pursuant to Cal. Penal Code § 1203.1. Dkt. No. 30 at 2. The Court first learned of the early termination of probation on October 13, 2022, when Petitioner included this information in his fourth amended petition, Dkt. No. 30 at 2, and in his accompanying request to lift the stay, Dkt. No. 29 at 2; Dkt. No. 29-1 at 2.

On May 24, 2021, Petitioner filed a first amended petition in this action. Dkt. No. 6. On June 10, 2021, the Court screened the first amended petition and found that it stated a *Miranda* claim and the following ineffective assistance of counsel ("IAC") claims: (1) counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand; (2) counsel failed to effectively examine Pittet; (3) counsel failed to impeach Avila as directed by Petitioner; (4) counsel incorrectly claimed that the Golfsmith was next to the Whole Foods, thereby undermining

his credibility with the jury; (5) counsel argued that the primary *Miranda* argument was the duration of Petitioner's detention; (6) counsel failed to present to the jury the timelines prepared by Petitioner; (7) counsel failed to question prosecution witnesses in a manner that reflected Petitioner's detailed accounting of his whereabouts on that day and Petitioner's understanding as to why Avila had been alerted to Petitioner's behavior that day; (8) counsel failed to ensure Deputy Chow's testimony at trial; and (9) counsel advised Petitioner not to testify at trial. Dkt. No. 10 at 2. The Court ordered Respondent to show cause why Petitioner should not be granted federal habeas relief based on these claims. *Id.*

On July 2, 2021, the Santa Clara County Superior Court expunged Petitioner's underlying 2018 conviction pursuant to Cal. Penal Code § 1203.4. Dkt. No. 30 at 3. The expungement did not eliminate the requirement that Petitioner register as a sex offender. Cal. Penal Code § 290.007. The Court first learned of the expungement on October 13, 2022, when Petitioner included this information in his fourth amended petition, Dkt. No. 30 at 2, and accompanying request to lift the stay, Dkt. No. 29 at 2; Dkt. No. 29-1 at 2.

On September 1, 2021, Respondent filed a motion to dismiss IAC subclaims Nos. 2 through 9 for failure to exhaust state court remedies because only the first IAC claim – counsel called Nicolas Pittet as a defense witness without vetting Pittet beforehand – had been presented to the state courts. On October 13, 2021, the Court granted Respondent's motion to dismiss IAC subclaims Nos. 2 through 9 as unexhausted,[1] and required Petitioner to elect how he wished to proceed. Dkt. No. 15.

On March 31, 2022, the Court granted Petitioner's request to stay the case so that he could return to state court to exhaust state court remedies for IAC subclaims Nos. 2 through 9. Dkt. No. 26.

On July 11, 2022, Petitioner filed a petition for a writ of habeas corpus in Santa Clara County Superior Court. Dkt. No. 29 at 1; Dkt. No. 38 at 54-133. On September 12, 2022, the

---

[1] The Court's October 13, 2021 Order granted Respondent's motion to dismiss IAC subclaims Nos. 2 through 9, but mistakenly stated in certain parts of the order that the claims dismissed as unexhausted were IAC subclaims Nos. 2 through 8. The Order correctly lists the dismissed IAC subclaims as subclaims Nos. 2 through 9. *See* Dkt. No. 15 at 5.

Superior Court denied the petition because Petitioner was not in actual or constructive custody pursuant to Cal. Penal Code § 1473(a) as his jail term was deemed served in September 2018; his probation was terminated by court order on April 20, 2021; his conviction was expunged pursuant to Cal. Penal Code § 1203.4 on July 2, 2021; and the requirement to register as a sex offender did not render him "in custody" for purposes of habeas corpus:

> As a preliminary matter, Petitioner cannot seek relief by way of habeas corpus because he is not an actual or constructive custody. (See Pen. Code § 1473, subd. (a); see also *Mendez v. Superior Court* (2001) 87 Cal. App. 4th 791, 796.) Petitioner's sentence of 12 days in county jail was deemed served in September 2018 and Petitioner himself notes that he was not in jail when the instant petition was filed. Furthermore, Petitioner is not in constructive custody because his probation was terminated by court order on April 20, 2021 pursuant to Penal Code section 1203.1, and Petitioner's conviction was expunged pursuant to Penal Code section 1203.4 on July 2, 2021. (*In re Douglas* (2011) 200 Cal.App.4th 236, 247-248 [defendant must be in custody for the conviction he wishes to attack].)
> Finally, Petitioner's registration as a sex offender is not sufficient to render him in custody for purposes of habeas corpus. (*People vs. Villa* (2009) 45 Cal. 4th 1063, 1070 ["collateral consequences of a criminal conviction–even those that can later form the basis of a new criminal conviction–do not of themselves constitute constructive custody"]; see also *In re Douglas*, *supra*, 200 Cal. App. 4th 247; *In re Steir* (2007) 152 Cal.App.4th 63,70-72.)

Dkt. No. 38 at 135-136.

On October 13, 2022, Petitioner filed a request to lift the stay, Dkt. No. 29, and a fourth amended petition, Dkt. No. 30. In these two pleadings, Petitioner informed the Court for the first time that, on April 20, 2021, the Santa Clara County Superior Court had ordered the early termination of probation pursuant to Cal. Penal Code § 1203.1; and, on July 2, 2021, the superior court had expunged his conviction pursuant to Cal. Penal Code § 1203.4.

On February 15, 2024, the Court lifted the stay and found that the fourth amended petition stated the following cognizable claims:

> First, the fourth amended petition alleges that trial counsel was ineffective in the following ways: (1) when he called Nicolas Pittet as a defense witness without vetting Pittet beforehand; (2) when he lost his composure after calling Pittet as witness, admitted that Pittet's prejudicial testimony lost the case for Petitioner, and failed to effectively cross-examine Pittet; (3) when he failed to effectively impeach witnesses Avila and Cuellar as directed by Petitioner; (4) when he undermined his credibility with the jury and caused prejudicial error to Petitioner by cross-examining the prosecution's key witness about a Golfsmith that did not exist; (5) when he concluded to the trial judge that the primary Miranda argument was the duration of Petitioner's detention; (6) when counsel failed to present to the jury the timelines prepared by Petitioner that would have cast doubt on Avila's testimony; (7) when he failed to cross-examine prosecution witnesses, as directed

4

by Petitioner, with a detailed accounting of Petitioner's whereabouts and events on that day that may have led to Availa's misperception of Petitioner's behavior that day; (8) when he failed to ensure Deputy Chow's testimony at trial; (9) when he advised Petitioner not to testify at trial; and (10) when he failed to communicate with the probation officer and judge before and during sentencing about discrepancies between the presentencing report and Petitioner's written statements provided to the probation officer prior to the pre-sentencing meeting.

    Second, Petitioner alleges that he was denied his Fifth Amendment right against self-incrimination when he was retained in custody and interrogated by law enforcement officers without being Mirandized.

    Third, Petitioner alleges cumulative error from the above claims – trial counsel's ineffective assistance and the failure to provide him with *Miranda* warnings prior to interrogation.

Dkt. No. 34 at 4-5.

## DISCUSSION

### I. Motion to Dismiss Claims 2-10 and 12 as Untimely and Procedurally Defaulted

#### A. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time on state prisoners a one-year statute of limitations for filing federal petitions for a writ of habeas corpus. In relevant part, Section 2244(d)(1)(A) requires state prisoners challenging non-capital state convictions or sentences to file their habeas petitions within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Under AEDPA, "direct review" concludes upon the United States Supreme Court's denial of certiorari review of a state court conviction, or upon the expiration of the time for filing a petition for certiorari review in the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, conviction became final 90 days after California Supreme Court denied review). United States Supreme Court Rule 13 provides that petitioners have 90 days within which to file a petition for writ of certiorari to seek review of their state court convictions. U.S. Sup. Ct. R. 13 ("petition for a writ of certiorari to review a judgment in any

1 case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the
2 Clerk of this Court within 90 days after entry of the judgment"). On March 19, 2020, due to the
3 COVID-19 pandemic, the United States Supreme Court extended the time period for filing a
4 petition for writ of certiorari from 90 days to 150 days. *See* U.S. Sup. Ct. Misc. Order 589 (Mar.
5 19, 2020) ("deadline to file any petition for a writ of certiorari due on or after the date of this order
6 is extended to 150 days from the date of the lower court judgment, order denying discretionary
7 review, or order denying a timely petition for rehearing"). On July 19, 2021, the United States
8 Supreme Court rescinded the March 19, 2020 miscellaneous order, but the extended deadline
9 continued to apply to all cases where the order denying discretionary review was issued prior to
10 July 19, 2021. *See* U.S. Sup. Ct. Misc. Order 594 (Jul. 19, 2021) ("in any case in which the
11 relevant lower court judgment . . . was issued prior to July 19, 2021, the deadline to file a petition
12 for a writ of certiorari remains extended to 150 days from the date of that judgment or order. In
13 any case in which the relevant lower court judgment . . . was issued on or after July 19, 2021, the
14 deadline to file a petition for a writ of certiorari is as provided by Rule 13.").

15 Under California law, a misdemeanor conviction becomes final immediately upon a state
16 appellate court's denial of a petition for transfer, Cal. R. Ct. 8.1018(a), and no further appeal to the
17 California Supreme Court is available, Cal. R. Ct. 8.500(a)(1). *See McMonagle v. Meyer*, 802
18 F.3d 1093, 1097 (9th Cir. 2015).

19 Exhaustion is excused if either "there is an absence of available State corrective process"
20 or "circumstances exist that render such process ineffective to protect the rights of the applicant."
21 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). A petitioner who procedurally defaults his claims "needs no
22 excuse from the exhaustion requirement because he has technically exhausted his state remedies
23 through his procedural default." *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc).

24     **B.**    **Procedural Default**

25 The doctrine of procedural default provides that a federal court "will not review a question
26 of federal law decided by a state court if the decision of that court rests on a state law ground that
27 is independent of the federal question and adequate to support the judgment." *Coleman v.*
28 *Thompson*, 501 U.S. 722, 729 (1991). A state procedural bar is "independent" if the state court

1  explicitly invokes the procedural rule as a separate basis for its decision and the application of the
2  state procedural rule does not depend on a consideration of federal law. *Vang v. Nevada*, 329 F.3d
3  1069, 1074-75 (9th Cir. 2003). An "adequate" state rule must be "firmly established and regularly
4  followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard*, 558 U.S. at 60). "The
5  [procedural default] doctrine applies to bar federal habeas when a state court declined to address a
6  prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.
7  In these cases, the state judgment rests on independent and adequate state procedural grounds."
8  *Id.* at 729-30.

9       In cases in which a state prisoner has defaulted his federal claims in state court pursuant to
10  an independent and adequate state procedural rule, federal habeas review of the claims is barred
11  unless the prisoner can either (1) demonstrate cause for the default and actual prejudice as a result
12  of the alleged violation of federal law, or (2) demonstrate that failure to consider the claims will
13  result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The cause standard
14  requires the petitioner to show that "'some objective factor external to the defense impeded
15  counsel's efforts'" to raise the claim. *See McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (citing
16  *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To demonstrate actual prejudice, the petitioner
17  must show that the errors "worked to his *actual* and substantial disadvantage, infecting his entire
18  trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982)
19  (emphasis in original). The miscarriage of justice exception provides that a federal court may still
20  hear the merits of procedurally defaulted claims if the petitioner can make a showing of actual
21  innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). "The miscarriage of justice
22  exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and
23  establishes that the court cannot have confidence in the contrary finding of guilt." *See Johnson v.*
24  *Knowles*, 541 F.3d 933, 936–38 (9th Cir. 2008) (emphasis in original). To demonstrate "actual
25  innocence," a petitioner must present new reliable evidence, such as exculpatory scientific
26  evidence, trustworthy eyewitness accounts, or critical physical evidence, that would create a
27  credible claim of actual innocence (i.e., that the petitioner is innocent of the charge for which he is
28  incarcerated, as opposed to legal innocence as a result of legal error). *Schlup v. Delo*, 513 U.S.

7

1  298, 321, 324 (1995).

**C.  Analysis**

Respondent has filed a motion to dismiss Claim Nos. 2-10 and 12 (the second through tenth IAC subclaims and the cumulative error claim) of the fourth amended petition on the grounds that they are untimely and procedurally defaulted. Dkt. No. 38. Respondent argues as follows. AEDPA's statute of limitations period ended on July 11, 2022. Claim Nos. 2-10 and 12 are therefore untimely because they were presented in the fourth amended petition, which was filed on October 13, 2022, and these claims do not relate back to any of the prior timely filed petitions. Claims 2-10 and 12 are procedurally defaulted because these claims were dismissed pursuant to the adequate and independent state rule that Petitioner could not seek habeas relief in the state courts because, at the time Petitioner filed his state habeas petition, he was no longer in custody, as required by Cal. Penal Code § 1473(a). Petitioner has not argued, much less demonstrated, that the procedural default should be excused. Petitioner does not allege cause and prejudice, or a fundamental miscarriage of justice. Petitioner has incorrectly conflated Respondent with the state courts. *See generally* Dkt. Nos. 38, 41.

Petitioner opposes this motion to dismiss as meritless, disingenuous, and misleading as follows. Petitioner argues that Respondent's September 1, 2021 motion to dismiss the first amended petition as unexhausted was disingenuous because (1) he was not required to exhaust state remedies for the first amended petition because, as of the date he filed the first amended petition, state remedies were unavailable to him because he was not in custody as required by Cal. Penal Code §1473(a); and (2) Respondent was aware of that the first amended petition was exhausted and acknowledged this fact in his March 13, 2024 brief. Petitioner argues that Respondent continued to act disingenuously by denying the state habeas petition without addressing the merits of the claim, when it was Respondent who required Petitioner to file a state habeas petition. As a result, Petitioner was delayed in the state courts for two years attempting to exhaust state court remedies when there were no state court remedies available. Petitioner alleges that Respondent acted in this manner to avoid showing cause on Petitioner's cognizable claims for federal habeas relief. *See generally* Dkt. No. 40. Petitioner challenges the state court's denial of

his state habeas as follows:

> The Superior Court of California on this recent ruling is suggesting that I have no legal justification to defend my Federal constitutional rights because this same Court terminated my formal probation early and because I was attempting to restore my livelihood by getting this conviction expunged while working through the long habeas corpus petition process. This ruling is basically suggesting that unless I am now in custody, over 4 years after I was sentenced on August 24, 2018, I cannot continue to pursue a petition for habeas corpus that was filed timely and when I was in custody. I disagree with their Ruling. My pursuit of justice in this case is based on the fact that regardless of whether I am on probation or my conviction has been expunged, I still suffer the stigma of a registered sex offender on a daily basis. Further, dismissal of my conviction does not fully erase the record and I do need to disclose the conviction in certain situations. I am also not free to travel domestically or internationally without complying with travel restrictions within all 50 states and in every other country.

Dkt. No. 29 at 2-3. Petitioner also argues that he was in custody when he filed this habeas proceeding on March 23, 2021, and that his custody status as of March 23, 2021 should determine his custody status for all petitions, state or federal, filed subsequent to that date. Petitioner argues that Respondent should be required to show cause with respect to all claims presented in the fourth amended petition because Petitioner was in custody at the time that he filed his petition, his claims are timely, and his claims in the first amended petition were exhausted. *See generally* Dkt. Nos. 29, 40.

Before addressing the issues raised in the pending motion to dismiss, the Court first reviews the scope of federal habeas relief and clarifies the difference between Respondent and the state courts.

The scope of federal habeas relief is limited. A federal court may consider challenges to a state court conviction, but federal statutes and cases limit what challenges a federal habeas court may consider, and limit when a federal habeas court may grant relief. Some of the limitations are as follows. A federal habeas court may only consider habeas petitions challenging state court convictions that (1) are brought by a person in custody pursuant to the judgment of a State court; (2) allege that the custody violates the Constitution or laws or treaties of the United States; and (3) are filed within the one-year limitations period set forth in Section 2244(d), subject to certain exceptions. 28 U.S.C. §§ 2254(a); 2244(d). A federal habeas court may not grant relief with respect to a state court conviction if (1) the petitioner has not exhausted his or her state court remedies, and (2) if the state court decision was not contrary to, or did not involve an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(b). As discussed *supra*, as a matter of comity and federalism, a federal court may not review questions of federal law presented in a habeas petition that have been procedurally defaulted in the state courts. *Coleman*, 501 U.S. at 729-30.

The respondent in habeas cases is a separate entity from, and does not act on behalf of or otherwise control, the state courts. Petitioner has incorrectly conflated Respondent and the state courts. In his opposition, Petitioner argues: "Respondent refused to review Petitioner's State Petition and denied the request with an argument that stated the exact same facts existing at the time they motioned this court to require Petitioner to exhaust his State remedies." Dkt. No. 40 at 3. However, it was the state superior court, not Respondent California Attorney General Bonta, that denied the state habeas petition and declined to consider the merits of the claims brought in the state habeas petition. It was Respondent California Attorney General Bonta, not the state superior court, that moved to dismiss the first amended petition as unexhausted.

The Court now turns to the arguments raised in the motion to dismiss. The Court has carefully reviewed the record, and finds that Claim Nos. 2-10 and 12 are timely filed, but procedurally defaulted.

### 1. Timeliness

The Court finds that Claim Nos. 2-10 and 12 are timely because these claims were raised in the first amended petition. When the Court granted Respondent's motion to dismiss the first amended petition as unexhausted, the Court was unaware (because no one pointed it out) that Petitioner's probation had been terminated on April 20, 2021. Pursuant to Cal. Penal Code § 1473 and *People v. Villa*, 45 Cal. 4th 1063, 1070 (Cal. 2009), the termination of Petitioner's probation rendered state court remedies unavailable to Petitioner after April 20, 2021. Accordingly, AEDPA's exhaustion requirement is excused for any federal claims brought after April 20, 2021.

Cal Penal Code § 1473(a) requires that a habeas petitioner be "unlawfully imprisoned or restrained of their liberty." Cal. Penal Code § 1473(a). This requirement is met when a petitioner

is in actual custody, i.e. imprisonment, or constructive custody, i.e. on parole, on probation, out on bail, or is a sentenced prisoner released on his own recognizance pending hearing on the merits of his petition. *In re Azurin*, 87 Cal. App. 4th 20, 23 (Cal. Ct. App. 2001), *as modified on denial of reh'g* (Cal. Ct. App. Feb. 14, 2001). "[O]nce a [petitioner] has been released and is no longer subject to parole or probation, he or she is no longer in constructive custody," and can no longer challenge a conviction or sentence by filing a petition for writ of habeas corpus in the state courts. *People v. Mbaabu*, 213 Cal. App. 4th 1139, 1149 (Cal. Ct. App. 2013). "[C]ollateral consequences of a criminal conviction—even those that can later form the basis of a new criminal conviction—do not of themselves constitute constructive custody." *People v. Villa*, 45 Cal. 4th 1063, 1070 (Cal. 2009). The requirement that a defendant register as a sex offender and be placed in the state sex offender registry is a collateral consequence of a conviction and judgment, not part of a conviction and judgment. *People v. Picklesimer*, 48 Cal. 4th 330, 337-39 (Cal. 2010). Accordingly, after April 20, 2021, when Petitioner's probation was terminated, Petitioner was no longer in constructive custody and could no longer challenge his misdemeanor conviction and sentence in the state courts. Petitioner had no "State corrective process" available to him after April 20, 2021. The exhaustion requirement was therefore excused for any federal habeas claims brought after that date. 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Because the first amended petition was filed on May 24, 2021 and state court remedies were unavailable to Petitioner after April 20, 2021, the exhaustion requirement was excused for the first amended petition. Accordingly, the Court should not have granted Respondent's motion to dismiss the first amended petition for failure to exhaust state court remedies. The Court thus VACATES its October 13, 2021 Order, which granted Respondent's motion to dismiss the first amended petition for failure to exhaust state court remedies. Dkt. No. 15.

Vacating the October 31, 2021 Order does not result in the first amended petition becoming the operative petition. The first amended petition is not the operative petition because Petitioner has since filed three other amended petitions, and an amended petition completely replaces the prior petitions. *See, e.g., Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). The fourth amended petition completely replaces the prior petitions, and is the current operative petition. Vacating the October 13, 2021 Order renders Claim Nos. 2-10 and 12 timely because

they "relate back" to the timely filed first amended petition, which also raised Claim Nos. 2-10 and 12.

### 2. Procedural Default

Although Claim Nos. 2-10 and 12 were timely filed, the Court is barred from considering these claims due to the procedural default doctrine. If a claim has not been exhausted, i.e. not presented to the state courts, because it is clear that no state remedies remain, that claim is procedurally defaulted unless the litigant can show cause and prejudice or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 735 n.1, 750; *Reed v. Ross*, 468 U.S. 1, 11 (1984) ("When a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief absent a showing of "cause and actual prejudice."). The procedural default rules applies whether or not there is a state court order finding the claims procedurally defaulted. *See Coleman*, 501 U.S. at 750 n.1; *Casey v. Moore*, 386 F.3d 896, 919 (9th Cir. 2004) (finding that Washington's state procedural rule setting one year limit on personal restraint petition which raises federal claim not raised on direct review precludes federal review of claim that would no longer be timely under that rule); *Kibler v. Walters*, 220 F.3d 1151, 1153-54 (9th Cir. 2000) (claims procedurally defaulted where petitioner failed to satisfy Washington's established procedural requirements for presentation of claims to state supreme court and was barred under well-established state rule from presenting claims in repetitive state petition); *Ortiz v. Stewart*, 149 F.3d 923, 930-31 (9th Cir. 1998) *overruling on other grounds recognized by Apelt v. Ryan*, 878 F.3d 800, 827 (9th Cir. 2017) (claims procedurally barred where Arizona rule prevented petitioner from now raising claims in state court that should have been raised earlier).

Here, Claim Nos. 2-10 and 12 are procedurally defaulted (and thereby excused from AEDPA's exhaustion requirement) because Petitioner was not in custody at the time he sought to bring these claims, as required by Cal. Penal Code § 1473. Petitioner's continuing requirement to register as a sex offender is a collateral consequence of a conviction and does not constitute "custody" for the purposes of Cal. Penal Code § 1473. *People v. Villa*, 45 Cal. 4th 1063, 1070 (2009) (listing sexual offender registration requirement as collateral consequence of conviction). Both Cal. Penal Code § 1473's "in custody requirement" and *Villa*'s related holding that sexual

offender registration does not constitute custody are independent and adequate state grounds, which bars federal habeas review of Claim Nos. 2-10 and 12. *Ching Lee v. Harris*, 226 F.Supp.3d 992, 996 (N.D. Cal. 2016). Petitioner has not alleged, much less proven, cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default.

Petitioner argues that the "in custody" date for his state habeas petition should be determined by the date that he commenced this federal habeas proceeding. Petitioner's arguments appears to be premised on the following two assumptions. First, Petitioner appears to believe that because this Court required him to file a state habeas petition to exhaust his state court remedies, the state habeas petition is linked to this proceeding, such that the "in custody" determination should be based on the custody determination in this federal proceeding. Second, Petitioner appears to believe that the dismissal of the first amended petition as unexhausted means that the unexhausted claims should be heard.

Petitioner misunderstands both the Court's prior orders and the relevant governing laws.

First, it is federal law, and not the Court, that required Petitioner to file a state habeas petition to exhaust Claim Nos. 2-10 and 12. Federal law requires a petitioner to exhaust his state court remedies for any claims that he wishes a federal habeas court to review. The Court's October 13, 2021 Order correctly applied the relevant law to the record before it. Specifically, on that date, the Court was unaware that Petitioner no longer had state remedies available to him. Because the Court believed that Petitioner had state remedies available to him, the Court correctly dismissed the claims for failure to exhaust and allowed Petitioner to choose how he wished to proceed. The federal habeas proceeding and the state habeas proceeding are separate, and the state habeas proceeding is not contingent on, the corollary to, or related to, the federal habeas proceeding.

Second, the fact that the first amended petition's Claim Nos. 2-10 and 12 were exhausted does not mean that the Court is required to reach the merits of these claims. As explained above, a federal habeas court is limited in the claims it can review. A federal habeas court must dismiss claims that fail to state a violation of the federal Constitution or federal law; are untimely; or are procedurally defaulted. Here, the fact that the first amended petition's Claim Nos. 2-10 and 12 should not have been dismissed as unexhausted does not preclude these same claims from being

dismissed on other grounds, including procedural default.

Third, state laws govern state court proceedings. Under federal law, if a petitioner is in custody at the time he files his federal habeas petition, his subsequent release from custody does not deprive the federal court of its jurisdiction over his federal habeas petition. *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). However, to bring a habeas petition in the California courts, a petitioner must comply with California laws and regulations, as interpreted by the California courts. Cal. Penal Code § 1473 clearly states that the petitioner must be in custody at the time the *state* habeas petition is filed. Ongoing federal habeas petitions have no bearing upon a state court's determination of the petitioner's custody status.

The Court finds that Claim Nos. 2-10 and 12 are procedurally defaulted pursuant to an independent and adequate state rule. Accordingly, the Court may not review these claims. The Court GRANTS Respondent's motion to dismiss Claim Nos. 2-10 and 12. Dkt. No. 38. Claim Nos. 2-10 and 12 are DISMISSED as procedurally defaulted.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows.

1. The Court VACATES its October 13, 2021 Order, which granted Respondent's motion to dismiss the first amended petition for failure to exhaust state court remedies. Dkt. No. 15.

2. The Court GRANTS Respondent's motion to dismiss Claim Nos. 2-10 and 12. Dkt. No. 38. Claim Nos. 2-10 and 12 are DISMISSED as procedurally defaulted.

3. The sole remaining claims in this action are: (1) trial counsel was ineffective when he called Nicolas Pittet as a defense witness without vetting Pittet beforehand; and (2) Petitioner was denied his Fifth Amendment right against self-incrimination when he was retained in custody and interrogated by law enforcement officers without being Mirandized.

4. The Court sets the following briefing schedule. By May 5, 2025, Respondent shall file with the Court and serve on Petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim(s) found cognizable herein. Respondent shall file with the answer and

serve on Petitioner all documents that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

This order terminates Dkt. No. 38.

**IT IS SO ORDERED.**

Dated: 2/25/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

15